### In re HEINZE et al.

(Circuit Court of Appeals, Ninth Circuit. January 6, 1904.)

No. 1,033.

**1. CONTEMPT—NATURE OF PROCEEDING—REVIEW.**

Under Act Cong. March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], giving the Circuit Court of Appeals jurisdiction to review judgments in criminal cases, a judgment convicting defendant of contempt committed in an equity suit, being a judgment rendered in a criminal case separate and distinct from the equity suit, was reviewable by the Circuit Court of Appeals on writ of error.

John J. McHatton, James M. Denny, and Garret W. McEnerney, for petitioners.

Forbis & Evans and Crittenden Thornton, for respondent.

MORROW, Circuit Judge (orally). This is a motion to vacate and set aside an order and writ of supersedeas directing the judges of the Circuit Court for the District of Montana to desist and refrain from executing an order adjudging the plaintiffs in error, F. Augustus Heinze, Josiah H. Trerise, and Alfred Frank, guilty of contempt of court, and imposing a certain penalty. From this order entered in the Circuit Court for the District of Montana on the 19th day of December, 1903, a writ of error was allowed by the judge holding the Circuit Court; and on the 21st day of December, 1903, a bond on the writ of error for costs, in the sum of $300, was accepted and approved by the judge holding the Circuit Court, but the court refused to take a supersedeas bond or stay the judgment of the court in the contempt proceedings. Thereupon application was made to me, as a judge of the Circuit Court of Appeals, to take a supersedeas bond, and direct the clerk of the Court of Appeals to issue a writ of supersedeas to the judge of the court below, staying all proceedings. When this application was first made to me, I was of opinion that the judgment of contempt entered by the court below was not appealable, and could not be reviewed by the Circuit Court of Appeals upon writ of error, and therefore a supersedeas bond in the case could not be taken, or the judgment of the court below stayed in the case. But a further investigation of the subject convinced me that the judgment could be reviewed by the Circuit Court of Appeals upon writ of error, and, accordingly, on the 31st day of December, 1903, I took a supersedeas bond, and directed the clerk of the Circuit Court of Appeals to issue a supersedeas to the court below. This action on my part is now chal-

lenged by counsel in support of the contempt proceeding, and he moves that the supersedeas be vacated and discharged, on the ground that the order of the court below adjudging Heinze, Trerise, and Frank guilty of contempt of court is not reviewable by the Circuit. Court of Appeals, either upon appeal or upon writ of error. If his contention in this respect is correct, then I acted improvidently in taking a supersedeas bond, and in directing the clerk to issue a writ of supersedeas, and the order should be vacated and set aside.

Is the judgment of the Circuit Court, and these contempt proceedings, reviewable on writ of error by the Circuit Court of Appeals?

My attention has been called to the case of Hayes v. Fischer, 102 U. S. 121, 26 L. Ed. 95, where the Supreme Court holds that such an order is not reviewable by the Supreme Court of the United States. The opinion of the court is brief, and is as follows:

"Fischer, the defendant in error, brought a suit in equity in the Circuit Court of the United States for the Southern District of New York to restrain Hayes, the plaintiff in error, from using a certain patented device. In this suit an interlocutory injunction was granted. Complaint having been made against Hayes for a violation of this injunction, proceedings were instituted against him for contempt, which resulted in an order by the court that he pay the clerk $1,389.99 as a fine, and that he stand committed until the order was obeyed. To reverse this order, Hayes sued out this writ of error, which Fischer now moves to dismiss on the ground that such proceedings in the Circuit Court cannot be re-examined here. If the order complained of is to be treated as part of what was done in the original suit, it cannot be brought here for review by writ of error. Errors in equity suits can only be corrected in this court on appeal, and that after a final decree. This order, if part of the proceedings in the suit, was interlocutory only. If the proceeding below, being for contempt, was independent of and separate from the original suit, it cannot be re-examined here either by writ of error or appeal. This was decided more than fifty years ago in Ex parte Kearney, 7 Wheat. 38 [5 L. Ed. 391], and the rule then established was followed as late as New Orleans v. Steamship Company, 20 Wall. 387 [22 L. Ed. 354]. It follows that we have no jurisdiction."

To understand this decision clearly, it is necessary to examine the two cases cited, in order to ascertain the reason why the Supreme Court held that the proceedings for contempt could not be re-examined by the Supreme Court.

Referring to the case of Ex parte Kearney, 7 Wheat. 38, 5 L. Ed. 391, I find that the ground upon which the court held that the contempt proceedings could not be reviewed was that the Supreme Court of the United States had no appellate jurisdiction in criminal cases. The court said:

"It is to be considered that this court has no appellate jurisdiction confided to it in criminal cases by the laws of the United States. It cannot entertain a writ of error to revise the judgment of the Circuit Court in any case where a party has been convicted of a public offense. And undoubtedly the denial of this authority proceeded upon great principles of public policy and convenience. If every party had a right to bring before this court every case in which judgment had passed against him for a crime or misdemeanor or felony, the course of justice might be materially delayed and obstructed, and in some cases totally frustrated. If, then, this court cannot directly revise a judgment of the Circuit Court in a criminal case, what reason is there to suppose that it was intended to vest it with the authority to do it indirectly?"

127 F.—7

In the case of New Orleans v. Steamship Company, 20 Wall. 392, 22 L. Ed. 354, the Supreme Court again held it had no jurisdiction to review a judgment of contempt of the lower court, and again the reason for that judgment was given. The court say:

"The questions presented for our consideration are questions of law. The facts are undisputed. Our remarks will be confined to the several objections to the decree taken by the counsel for the appellant. The fine of $300 imposed upon the mayor is beyond our jurisdiction. Contempt of court is a specific criminal offense. The imposition of the fine was a judgment in a criminal case. That part of the decree is as distinct from the residue as if it were a judgment upon an indictment for perjury committed in a deposition read at the hearing. This court can take cognizance of a criminal case only upon a certificate of division in opinion."

It appears very plainly from these decisions that the reason why the Supreme Court of the United States refused to take jurisdiction of a case where it was sought to review the judgment of the Circuit Court by appeal or writ of error was because the Supreme Court had no jurisdiction to review a judgment in a criminal case. When these decisions were rendered, and down to Act March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], the law was that the only way to review a judgment in a criminal case in the Supreme Court was on a certificate of division of opinion between the judges of the Circuit Court. But the law of 1891 has given the Circuit Court of Appeals jurisdiction to review judgments in criminal cases, not capital, so that these cases I have read are wholly inapplicable to the question whether or not the Circuit Court of Appeals has jurisdiction to review a judgment in contempt proceedings. If, as the Supreme Court says, the imposition of a fine in proceedings for contempt is a judgment in a criminal case, and the Circuit Court of Appeals has jurisdiction to review judgments in criminal cases, not capital, then, of course, the Circuit Court of Appeals has jurisdiction to review this case by writ of error. I find that that is the view taken by the Circuit Court and the Circuit Court of Appeals for the Second Circuit.

In the case of In re Spofford, 62 Fed. 443, which came before the Circuit Court for the Second District in New York in 1894, it appears that Spofford was cited to show cause why he should not be punished for contempt of court. The court held there that a judgment of contempt was probably reviewable. The court said:

"As the witness has been in no sense contumacious, but has declined to be sworn or to produce the books only in order to present objections which his counsel not unreasonably supposed to be well founded, the order may be in the alternative. It will, however, be made peremptory and final, if witness' counsel so desire; and in that case I shall, by a subsequent order, stay its operation until appeal can be heard and determined by the Circuit Court of Appeals. The Supreme Court, has, it is true, repeatedly held that it could not, either by appeal or writ of error, review the action of a Circuit Court inflicting fine or imprisonment for a contempt (Ex parte Kearney, 7 Wheat. 38 [5 L. Ed. 391]; New Orleans v. Steamship Co., 20 Wall. 387 [22 L. Ed. 354]; Hayes v. Fischer, 102 U. S. 121 [26 L. Ed. 95]), on the expressed ground that no appellate jurisdiction in such cases had been conferred upon it by the laws of the United States. The old common-law rule, however—that the order of a court, whose decisions on all other questions are reviewable, is sacred, and not to be inquired into, when it inflicts punishment for contempt —seems abhorrent to the sense of natural justice. It puts the property and

personal liberty of one individual practically at the mercy of another, who, being human, may presumably act, upon occasions, mistakenly, or from prejudice or passion. And it may well be that the Circuit Court of Appeals may find in the broad grant of appellate jurisdiction to review final decisions of the Circuit Courts 'in all cases other than those [where jurisdiction to review is conferred on the Supreme Court],' which is contained in section 6 of the act of 1891, sufficient warrant for holding that final orders, such as the one here moved for, may be by it examined into, reversed, or otherwise determined."

The Circuit Court of Appeals subsequently passed upon this very question; and in Butler v. Fayerweather, 91 Fed. 458, 33 C. C. A. 625, the court held that an order in an equity case committing a witness, not a party to the suit, for contempt for refusing to testify, is final, and reviewable by a writ of error sued out before final appeal to the court. In this case the court reviewed various decisions that have been rendered on this question, and the court reaches the conclusion that the judgment of contempt is reviewable by the Circuit Court of Appeals. So, also, in the case of Flower v. MacGinniss, 112 Fed. 377, 50 C. C. A. 291, the same doctrine was laid down, and these cases again referred to. The decision of the Circuit Court of Appeals and the decision of Judge Lacombe in the Circuit Court are in conformity with my present views upon this question. In the present case the parties adjudged guilty of contempt of court are not parties to the main action.

I am therefore of the opinion that the judgment in this case is reviewable upon writ of error. Following the decision of the Supreme Court in the case of New Orleans v. Steamship Company, it must be held that this judgment of the Circuit Court in Montana is a judgment in a criminal case, and is separate and distinct from the equity case in which this proceeding took place; and, being so, it is, under the act of 1891, appealable to the Circuit Court of Appeals.

I am therefore of the opinion that I acted within my authority when I accepted a supersedeas bond, and directed the clerk to issue the writ of supersedeas. The motion to vacate that order is therefore denied.