In re FIRST NAT. BANK OF BELLE FOURCHE et al.

(Circuit Court of Appeals, Eighth Circuit. March 19, 1907.)

No. 69.

1. BANKRUPTCY—MANUFACTURING CORPORATION—BUILDER OF CONCRETE ARCHES AND BRIDGES IS.

A corporation which is principally engaged in building concrete arches and bridges and dressing stone is a manufacturing corporation, and may be adjudged a bankrupt under section 4b of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423] as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 798 [U. S. Comp. St. Supp. 1905, p. 683]).

[Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

2. SAME—PLEADING—DEFECTIVE PETITION GOOD IN SUBSTANCE, IMPREGNABLE AFTER JUDGMENT.

After verdict or judgment, an objection that the petition fails to state facts sufficient to constitute a cause of action is tenable only when the pleading fails to allege the substance or foundation of a cause of action, and it is impregnable to attack because it is otherwise defective, informal, indefinite or incomplete, and was demurrable before answer or judgment.

The averment that the alleged bankrupt was a corporation "engaged in the business of manufacturing concrete arches and bridges, manufacturing and dressing stone and selling the same, and railroad and ditch contracting," was demurrable, and amendable before, and invulnerable after, adjudication.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1451, 1459.]

3. SAME—JURISDICTIONAL FACTS—WHAT ARE—WHAT ARE NOT—THOSE OF LATTER CLASS CONCLUDED BY JUDGMENT—OCCUPATION OF CORPORATION OF THIS CLASS.

Jurisdictional facts are those which condition the power of the court to decide some of the issues in the case, like the nature of the subject-matter and the service of process. Other facts, which condition the character of the decree or the nature of the relief that should be granted or denied, are not jurisdictional, and final adjudications of issues relating to them conclusively estop the parties to the proceedings from again litigating them.

The issue whether or not a corporation is subject to adjudication as a bankrupt is not jurisdictional, and is concluded by the adjudication.

4. JUDGMENT—FEDERAL COURTS—JUDGMENTS OF FEDERAL COURTS CONCLUSIVE—ABSENCE OF APPEARANCE OF JURISDICTIONAL FACTS ON THEIR RECORDS IMMATERIAL.

While the jurisdiction of the national courts is limited, they are not inferior courts, and their judgments possess every attribute of finality and estoppel appertaining to those of courts of general jurisdiction. The absence from their records of all appearance of jurisdictional facts is immaterial.

5. SAME—MOTION TO VACATE ADJUDICATION—ABUSE OF DISCRETION.

There was no abuse of discretion in a denial by a bankruptcy court of a motion by creditors to vacate the adjudication of the bankruptcy of a corporation and to permit them to answer and litigate the question whether or not the corporation was principally engaged in such a pursuit that it was subject to be adjudged a bankrupt, where the motion was first made 7 weeks after the petition was filed and receivers were appointed, and 5 weeks after the adjudication, when the creditors were aware of the filing of the petition within 48 hours thereafter, and the administration of the estate had proceeded without objection meanwhile.

(Syllabus by the Court.)

On Petition for Review.

Arnold L. Guesmer (Rome G. Brown, Charles S. Albert, and T. W. La Fleiche, on the brief), for petitioners.

Harrison L. Schmitt (John W. Schmitt, William A. Kerr, and Charles R. Fowler, on the brief), for respondents.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. This is a petition of creditors to revise in matter of law the proceedings of the District Court which resulted in a denial of their motion to vacate the order of adjudication of the bankruptcy of the Widell-Finley Company, a corporation, and to permit them to file an answer and to litigate the issue whether or not that corporation

was principally engaged in any pursuit which subjected it to adjudication as a bankrupt. On February 14, 1906, certain creditors of the Widell Company filed a petition against it for such an adjudication, and on February 26, 1906, it was adjudged a bankrupt by default upon this petition. On the day the petition was filed receivers of its property were appointed, and thereafter proceeded to manage its estate, until on March 17, 1906, at the first meeting of creditors, a trustee was appointed. On April 9, 1906, the petitioners filed their motion. There was a hearing upon it on April 16, 1906, it was denied on May 11, 1906, and the order of denial is assailed by the petition for revision. Between the date of the filing of the petition and the date of the filing of the motion of the petitioners to vacate the adjudication, the receivers made agreements with certain parties, with whom the Widell Company had contracts, relative to the completion of unfinished work, which were approved by the court on February 19, 1906. The trustee was appointed and with the approval of the referee he sold and delivered to the purchasers the office furniture and stationery of the bankrupt in its main office.

On February 15, 1906, the petitioners knew that a petition in bankruptcy had been filed against the Widell Company, and before the 26th day of February, 1906, the day of the adjudication, they were aware that receivers had been appointed. But none of them took any steps to challenge or answer the petition in bankruptcy, or to oppose or avoid the adjudication, until the 9th day of April, 1906. They were creditors of the Widell-Finley Company. They knew, the next day after the 14th of February, that a petition in bankruptcy had been filed against it. The bankruptcy law prescribed the time within which they were permitted to challenge that petition for insufficiency in law or for misstatements of facts. Section 18b, 30 Stat. 551, c. 541 [U. S. Comp. St. 1901, p. 3429], as amended by Act Feb. 5, 1903, c. 487, § 6b, 32 Stat. 798 [U. S. Comp. St. Supp. 1905, p. 685]. That time expired on February 25th. They filed neither demurrer nor answer, and on the next day the corporation was adjudged a bankrupt. Their right to demur or answer to the petition then ceased, and their motion for a removal of their default and for leave to answer demanded the enforcement of no right, but merely invoked the judicial discretion of the District Court. The petition for revision does not invite the exercise of the discretion of this court; for the discretion to grant or refuse the motion was not intrusted to us, but to the court below, and in the absence of a manifest abuse of its exercise of that discretion it is not reviewable here.

Counsel for the petitioners insist that the court below abused this discretion (1) because the petition for the adjudication failed to show that the Widell Company was one of the class of corporations judicable in bankruptcy, but disclosed the fact that it was not so and hence they insist that the court was without jurisdiction; (2) because the record after the adjudication disclosed the same state of facts, and hence, as they contend, that the judgment was vulnerable to collateral attack and everywhere void; and (3) because the answer alleged that the Widell Company was not judicable in bankruptcy, and hence, as they insist, that the court was without jurisdiction. "Any corporation en-

gaged principally in manufacturing, trading, printing, publishing, mining or mercantile pursuits, owing debts to the amount of one thousand dollars or over may be adjudged an involuntary bankrupt upon default." Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683].

The pertinent averment of the petition for the adjudication was that the Widell Company "is, and during all said time has been, engaged in the business of manufacturing concrete arches and bridges, manufacturing and dressing stone and selling the same, and railroad and ditch contracting." The word "manufacturing" is a generic term of broad significance, advisedly used by Congress to include many species of corporations, and its comprehensive meaning ought not to be whittled away by fine distinctions. Derivatively meaning making with the hand, its ordinary significance is producing a new article of use or ornament by the application of skill and labor to the raw materials of which it is composed. Pin makers, pen makers, shoe makers, furniture makers, lumber makers, steel makers, boot makers, rail makers, engine makers, cement makers, are undoubtedly engaged in manufacturing, and the cogency of the argument that a corporation which makes a pin is manufacturing, while one which makes a bridge is not, fails to appeal to our judgment with convincing force. The latter may make the cement or the steel it uses in its structure. If so, it is engaged in manufacturing the cement or the steel, and, whether it makes them or not, it produces a new and useful article, a bridge, when by the application of skill and labor to the materials of which it is composed it constructs it.

As usual in respect to every question which involves the construction or operation of the bankruptcy law, there is a conflict of authority. Butt v. C. F. MacNichol Const. Co., 140 Fed. 840, 72 C. C. A. 252; In re Minnesota & A. Const. Co., 60 Pac. 881, 7 Ariz. 137; In re Smith, 2 Lowell, 69, Fed. Cas. No. 12,981; In re Tontine Surety Co. (D. C.) 116 Fed. 401. But the more persuasive reasons and the weight of the decisions support the view, and our conclusion is, that a corporation principally engaged in constructing concrete arches and bridges and in dressing and selling stone is engaged in a manufacturing pursuit and subject to adjudication in bankruptcy upon an involuntary petition. Columbia Iron Works v. National Lead Co., 127 Fed. 99, 102, 62 C. C. A. 99, 102, 64 L. R. A. 645; In re Niagara Contracting Co. (D. C.) 127 Fed. 782; In re Marine Const., etc., Co., 130 Fed. 446, 64 C. C. A. 648; In re Matthews Consolidated Slate Co., 144 Fed. 737, 738, 75 C. C. A. 603; In re Quincy Granite Quarries Co. (D. C.) 147 Fed. 279; In re H. R. Leighton & Co. (D. C.) 147 Fed. 311, 313; In re Troy Steam Laundering Co. (D. C.) 132 Fed. 266; White Mountain Paper Co. v. Morse & Co., 127 Fed. 643, 644, 62 C. C. A. 369, 370.

The concession is freely made that a demurrer or an objection to evidence, before the adjudication, upon the general ground that the petition for it did not contain a clear averment that the corporation was principally engaged in manufacturing concrete arches and bridges and dressing stone, would have been well taken. But, if either of them had been made and sustained, the petition would have been immediately

amendable. In re Plymouth Cordage Co., 135 Fed. 1000, 1003, 68 C. C. A. 434, 437. The creditors who now complain filed no demurrer and made no objection. In that way they waived this defect as fully as they would have done if they had been present at the adjudication and had permitted the introduction of evidence and the decision without objection. Can there be any doubt that the admission of the evidence and the judgment in bankruptcy would have been permissible and conclusive upon them under such circumstances? The purpose of a pleading is to advise the opposing parties and the court of the facts constituting the cause of action. The petition in this case prayed that the Widell Company might be adjudged a bankrupt. These creditors knew the law, and hence they knew that the fact that the corporation was principally engaged in manufacturing or trading was essential to the adjudication. The petition contained the allegation that the corporation was engaged in manufacturing concrete arches and bridges, in manufacturing, dressing, and selling stone, and in railroad and ditch contracting; and no one could have read it in the light of the bankruptcy law without notice that it contained a substantial, though incomplete, statement that the corporation was principally engaged in a manufacturing pursuit. The sufficiency of this pleading was not challenged until more than a month after the adjudication upon it, and after verdict or judgment an objection that the petition fails to state facts sufficient to constitute a cause of action is tenable only when the pleading fails to allege the substance or foundation of a good cause of action, and the fact that it is otherwise defective, informal, indefinite, or incomplete is no longer material. Less v. English, 85 Fed. 471, 476, 29 C. C. A. 275, 280; Laithe v. McDonald, 7 Kan. 254, 261; Rush v. Newman, 58 Fed. 158, 160, 7 C. C. A. 136, 138; City of Plankinton v. Gray, 63 Fed. 415, 11 C. C. A. 268. The petition contained no statement that the Widell corporation was not engaged principally in a manufacturing pursuit, and no showing that the court was without jurisdiction of the case; but it set forth the substance of a good cause of action, and it was impregnable to attack after the adjudication.

The argument of counsel that it was the duty of the court below to avoid the adjudication, and to allow their clients to answer, upon the ground that the court was without jurisdiction to render the adjudication, because it was not true that the bankrupt was principally engaged in a manufacturing pursuit, and because the record did not show that it was, but that it was not thus engaged, overlooks the effect of the adjudication.

The contention that the fact that the Widell Company was principally engaged in manufacturing conditioned the jurisdiction of the court and the validity of the adjudication, that the judgment is a nullity because this fact did not exist, and that its invalidity may be shown at any time by collateral attack, or otherwise by proof that the Widell Company was not engaged in any pursuit which subjected it to adjudication in bankruptcy, disregards the fundamental distinction between the facts essential to the jurisdiction of a court over the subject-matter and the parties and those requisite to establish the cause of action. Jurisdiction of the subject-matter and of the parties is the right to hear and deter-

mine the suit or proceeding in favor of or against the respective parties to it. The facts essential to invoke this jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought. A defective petition in bankruptcy, or an insufficient complaint at law, accompanied by proper service of process upon the defendants, gives jurisdiction to the court to determine the questions involved in the suit, although it may not contain averments which entitle the complainant to any relief; and it may be the duty of the court to determine either the question of its jurisdiction or the merits of the controversy against the petitioner or plaintiff. Facts indispensable to a favorable adjudication or decree include all those requisite to state a good cause of action, and they comprehend many that are not essential to the jurisdiction of the suit or proceeding. The fact that the Widell Company was engaged in a manufacturing pursuit was not of the former, but of the latter, class. It was not essential to invoke the jurisdiction of the court over the parties to the proceeding and the property it involved, because the act of Congress gave that court, upon the filing of the petition of the creditors, jurisdiction to hear and determine the questions it presented, upon proper service of the subpœna upon the defendant. The facts which conditioned the jurisdiction of the court were the filing of the petition and the service of the subpœna. In re Plymouth Cordage Co., 135 Fed. 1000, 1004, 68 C. C. A. 434, 438.

Concede, for we do not stop to consider or decide, that the nonexistence of either of these facts might be shown at any time, by collateral attack or otherwise, to destroy the validity of the adjudication, and this is the extent of the effect of many of the authorities cited by counsel here. Williamson v. Berry, 8 How. 495, 540, 12 L. Ed. 1170; Adams v. Terrell (C. C.) 4 Fed. 796, 800. Nevertheless, the fact that the Widell Company was, or that it was not, principally engaged in manufacturing, was not of this class. It did not condition the jurisdiction of the court, but the judgment which it ought to render, only. The court had the same jurisdiction to decide the issues between the parties, whether the Widell Company was or was not principally engaged in a manufacturing pursuit. The only difference the determination of that issue made was that if it was so engaged the court should have given judgment for the petitioners, and if it was not thus occupied it should have rendered judgment against them. The jurisdiction and the duty to decide remained in the court, whichever way it was its duty to determine the issue. The jurisdiction of a court is not limited to the power to render correct decisions. It is the power to decide the issues according to its view of the law and the evidence, and its wrong decisions are as conclusive as its right ones. It empowers the court to determine every issue within the scope of its authority, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties, unless reversed by writ of error or appeal or vacated by some direct proceeding. The filing of the petition for the adjudication and the service of the order to show cause upon the Widell Company conferred plenary jurisdiction of this proceeding upon the court below. The power was thereby vested in, and the duty was imposed upon, it to decide whether or not the Widell Company was principally engaged in a manufacturing pursuit, because the determination

of that issue was indispensable to the adjudication in bankruptcy. The adjudication is therefore a demonstration that the court below adjudged that the Widell Company was thus engaged, since it could not have lawfully made the adjudication without such a decision. That judgment, therefore, conclusively estops the complaining creditors here and everywhere from proving the contrary to avoid the adjudication in bankruptcy until the latter is reversed or vacated in some direct proceeding. Dowell v. Applegate, 152 U. S. 327, 340, 14 Sup. Ct. 611, 38 L. Ed. 463; Foltz v. St. Louis & S. F. R. Co., 8 C. C. A. 635, 637, 60 Fed. 317, 319; Board of Commissioners v. Platt, 25 C. C. A. 87, 90, 79 Fed. 567, 570.

This conclusion has not been reached without a thoughtful perusal of the opinion of the referee, adopted by the court, to the contrary, in Re Elmira Steel Co. (D. C.) 109 Fed. 456, 479; but that portion of the opinion which relates to this question does not commend itself to our judgment. The only showing upon the face of the record regarding the occupation of the Widell Company is the averment in the original petition which has been set forth.

The argument of counsel for the creditors that the adjudication is void, because the fact appears upon the face of the record that the Widell Company was not engaged principally in a manufacturing pursuit, and because the fact does not appear upon the face of the record that it was so engaged, is untenable (1) because the record does not sustain the position that it shows that the corporation was not thus engaged; (2) because the adjudication was a conclusive judgment that it was so employed, since the petition contained a sufficient averment of that fact, after judgment; (3) because that fact was not jurisdictional; and (4) because, if it had been, its absence from the record would not have destroyed the estoppel of the adjudication. While the jurisdiction of the national courts is limited, they are not inferior courts, and their judgments possess every attribute of finality and estoppel which pertains to those of courts of general jurisdiction. McCormick v. Sullivant, 10 Wheat. 192, 199, 6 L. Ed. 300; Ex parte Watkins, 3 Pet. 193, 207, 7 L. Ed. 650; Des Moines Nav. & R. Co., v. Iowa Homestead Co., 123 U. S. 552, 557, 559, 8 Sup. Ct. 217, 31 L. Ed. 202; Edelstein v. U. S. (C. C. A.) 149 Fed. 636. Thus in McCormick v. Sullivant diversity of citizenship was indispensable to the jurisdiction of a federal court which had rendered a judgment, and it nowhere appeared in the record. But the judgment was held to be conclusive, in the absence of any writ of error to reverse it. And in Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U. S. 552, 557, 559, 8 Sup. Ct. 217, 31 L. Ed. 202, the Supreme Court said:

"Although the judgments and decrees of the Circuit Courts might be erroneous, if the records failed to show the facts on which the jurisdiction of the court rested, such as that the plaintiffs were citizens of different states from the defendants, yet they were not nullities, and would bind the parties until reversed or otherwise set aside."

The adjudication in bankruptcy in this case, therefore, until reversed or vacated in some direct proceeding, conclusively estopped all the parties to this proceeding, including the petitioning creditors here, from claiming from the record or upon evidence aliunde that the Widell Com-

pany was not principally engaged in a manufacturing pursuit and was not rightly adjudicated a bankrupt.

A single question remains. A proceeding in bankruptcy is a continuous suit. There are no terms of the bankruptcy court. It is always open, and until the termination of the pending suit that court has the power to re-examine its orders therein upon a timely application in an appropriate form. Sandusky v. National Bank, 90 U. S. 289, 293, 23 L. Ed. 155; Lockman v. Lang, 132 Fed. 1, 4, 65 C. C. A. 621, 624. Was the court below guilty of any abuse of its discretion in that it denied the motion of the petitioners here to vacate the adjudication and to permit them to answer and litigate the question whether or not the Widell Company was principally engaged in manufacturing? The creditors who complain had been aware of the filing of the petition in ample time for them to demur to it, or to interpose an answer and present the question they now seek to litigate. They had known that receivers of the bankrupt's estate had been appointed, and that they were making agreements about the contracts of the bankrupt, many weeks before their motion was presented, and they took no action to assail the adjudication or to stay the proceeding in the administration of the estate until nearly two months after the petition was filed. The theory of the bankruptcy law is that estates should be converted into money and distributed among the creditors as speedily as practicable. After a proceeding under it is commenced, the relations of the parties and the nature of the property involved are subject to frequent and rapid changes. Hence creditors who would assail the adjudication or the other orders of the court, and would thereby stop the transformation of the property of the bankrupt and its distribution among his creditors, should act with reasonable promptness after they receive notice of the proceeding and of the reasons for their objection. In view of the delay and neglect of the petitioners, and the changes in the condition of the property and in the relations of the parties interested in this estate, between the filing of the petition and the presentation of their motion, the record fails to persuade that the court below was guilty of any abuse of its discretion when it denied it.

The question whether or not the petition for revision was filed in proper time has not been considered, and no opinion is expressed upon it, because the same result has been reached upon a consideration of the merits of the case that would have followed if the motion to dismiss the petition had been granted.

The petition must be dismissed in any event; and it is so ordered.