HALL & KAUL CO. v. FRIDAY et al.

(Circuit Court of Appeals, Third Circuit. December 27, 1907.)

No. 27.

BANKRUPTCY—CORPORATIONS SUBJECT TO ACT—"ENGAGED PRINCIPALLY IN MANUFACTURING."

A corporation, the principal business of which is the building and construction of concrete arches, bridges, buildings, walls, and other structures in situ, the concrete being mixed as used in the structure which when completed became a part of the realty, is not one engaged principally in manufacturing, within the meaning of Bankr. Act July 1, 1898, § 4b, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], and is not subject to adjudication as an involuntary bankrupt.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7650, 7651.

What persons are subject to bankruptcy law, see note to Matoon Nat. Bank of Matoon, Ill., v. First Nat. Bank of Matoon, Ill., 42 C. C. A. 4.]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

George L. Roberts, for appellant.
Alexander J. Barron, for appellees.

Before DALLAS and GRAY, Circuit Judges, and CROSS, District Judge.

GRAY, Circuit Judge. This is a petition for review by the Hall & Kaul Company, a corporation of the state of Pennsylvania, asking that the order of the court below, adjudicating the Monongahela Construction Company, also a corporation of the state of Pennsylvania, to be a bankrupt, may be revised in matters of law under section 24 (b) of the bankruptcy act of 1898. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431].

The question is one of jurisdiction, and was presented to the court.

below, as it is presented here, upon an agreed statement of facts, the material parts of which are as follows:

"A petition in involuntary bankruptcy having been filed in the above entitled case against the said Monongahela Construction Company, by J. H. Friday et al., and answer thereto having been filed by Hall & Kaul Company, of Ridgeway, Pa., judgment creditors, objecting to the petition in bankruptcy of said company, for the following reasons:

"First. That neither the petitioners nor the form of petition are within the requirements of the bankruptcy act of 1898.

"Second. That the records do not show that said corporation has complied with the corporation laws of the state of Pennsylvania.

"Third. That as a corporation, the nature of the business in which it is engaged is not such as will give this court jurisdiction under said bankrupt act of 1898 or its supplements.

"Now, therefore, in order that the questions raised by the petition and answer may be properly determined by this court, the following facts are admitted and agreed upon by the parties hereto:

"1. That the Monongahela Construction Company succeeded the Hill Construction Company, a corporation organized and existing under the laws of the state of Pennsylvania, having been incorporated on the 23d day of May, 1905, and by resolution of the board of directors, the said Hill Construction Company changed its name to the Monongahela Construction Company, on the 19th day of February, 1906, but that the certificate of such change was not recorded in the county of Allegheny, state of Pennsylvania, where its principal office is located, until February 9, 1907, ——— days after the petition in this case was filed.

"2. That the purpose for which the said Hill Construction Company was organized and created, as set forth in its charter, was as follows: 'Corporation is formed for the purpose of constructing, erecting and repairing railroads, traction lines, duly incorporated, and streets, roads, buildings, structures, works or improvements of public or private use or utility.'

"3. That the business of the said Monongahela Construction Company has been making, constructing and erecting concrete arches, bridges, buildings, walls and other structure; also excavating, grading and ballasting of roadbeds and laying tracks for railroads. With the exception of the contract with the P. S. & N. R. R. for the making of roadbed and laying of track from Detsch to Paine, Elk county, Pennsylvania, and the remodeling of a warehouse, in which concrete work is the chief item, all the other contracts at the time of the filing of the petition in this case, and the business in which the company has been engaged during the past year has been making and constructing arches, walls, and abutments, bridges, buildings, etc., out of concrete.

"4. That in carrying on its business it buys and combines together raw materials, such as cement, gravel and sand in the making of concrete, and supplies labor, machinery and appliances necessary for the proper carrying on of said business, of constructing and erecting concrete arches, piers, buildings and structures, and excavating therefor at such time and places, as its contracts call for. That it carries on no other manufacturing business except the above. The question whether this business is manufacturing or not is left to the determination of the court.

"5. That its principal place of business is in the city of Pittsburgh, county of Allegheny, and state of Pennsylvania, where its office is located. It has no permanent shop or factory, but has a warehouse at Nineteenth street, South Side."

The third section of the act of February 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1025], amending the bankrupt act of 1898, provides:

"Any natural person, except a wage earner, or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any corporation engaged principally in manufacturing, trading, printing, publishing,

mining or mercantile pursuits, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act."

The sole question raised by the counsel for the petitioners is, whether the court below erred in adjudicating, as a bankrupt, the Monongahela Construction Company, as being a "corporation engaged principally in manufacturing." The court below decided that it was such a corporation, and that the motion of the execution creditors, for dismissal of the petition in bankruptcy, must be denied and an adjudication in bankruptcy made. The conclusion at which the learned judge of the court below arrived, is strongly supported in the opinion which accompanies it. He is also in agreement with the decisions of several of the district courts, and notably with that of the Circuit Court of Appeals for the Eighth Circuit, in the recent case of In re First National Bank of Belle Fourche et al., 152 Fed. 64, 81 C. C. A. 260. Notwithstanding the weight of such authorities, we must, as long as this section of the act remains unamended, in respect to the language here under consideration, and until the Supreme Court construes it otherwise, be governed by our own view of the proper interpretation of the act.

The words "manufacture" and "manufacturing" seem to us to have a well-ascertained and defined meaning. There is no confusion in the general concept conveyed by these words, as referring to the making of raw material or natural substances by hand, art or machinery, with more or less skill, into commodities for use. The leading lexicographers all agree as to this general signification. No special technical or legislative use of them, different from their general or popular use, has been suggested. It appears from the agreed statement of facts that the Monongahela Construction Company carried on no manufacturing business, unless the business of "making, constructing and erecting concrete arches, bridges, buildings, walls and other structures; also excavating, grading and ballasting of road beds and laying tracks for railroads," be such a business. The alleged bankrupt in this case, therefore, was a builder or constructor of concrete arches, bridges, buildings, walls and other structures. These were erected in situ, and when erected, were attached to and became part of the real estate. No one in ordinary parlance would ever think of saying that such a builder was a manufacturer of arches, houses, etc. It is only by a forced construction, founded on verbal refinements, that such a conclusion can be arrived at. It is true, that such a builder assembles and combines the raw materials of cement, sand, and water, which are mixed with more or less skill with tools and appliances adapted for such purpose, and the composite thus formed being poured into moulds, gradually and by successive repetitions of the process, forms the arch, building or wall intended to be erected. We cannot see upon what possible ground a person or corporation engaged in this work is to be distinguished from one engaged in the erection of an arch, building or walls with other materials, such as stone, bricks and mortar, or how, except arbitrarily, the one can be called a manufacturer and the other not.

It may be admitted, as argued by the court below, that if the materials entering into the formation of this concrete had been fashioned at a factory or other place, in the shape of blocks fit for building purposes, to be furnished to those engaged in erecting buildings, just as stone and bricks are furnished for that purpose, the producer of such blocks, so far as their production was concerned, would be engaged in manufacturing, in the ordinary acceptation of that word, but this admission does not help us to the conclusion reached in the court below. There is no such situation in the present case. The bankrupt was not engaged in such a business, which would have been as distinct from that of erecting the building, as the business of a brickmaker would have been from that of the one who constructed the wall with the bricks; and certainly it would not be asserted that, if the supposititious concrete blocks had been furnished to the builder of the structure, both the producer of the blocks and the builder of the wall would have been engaged in manufacturing.

In construing the bankruptcy act, as in construing other acts of legislation, the words used must be given their ordinary and everyday meaning, unless they are shown to have been used in some special or technical sense differing from such meaning. The construction given to the words referred to by the court below, seems to us to violate this rule, and to enlarge the class of persons or corporations to whom Congress intended to make applicable the provisions of the bankrupt act. In the light of the decisions, it must be admitted there is room for a different opinion, but we can only govern ourselves by the views which we ourselves entertain and have here expressed. We have examined the cases referred to on both sides, and, after a full consideration, are of the opinion that the Monongahela Construction Company was not, under the agreed statement of facts, a "corporation engaged principally in manufacturing," and that therefore the court below was without jurisdiction to adjudicate it a bankrupt.

The decree of the court below is therefore reversed, with directions to dismiss the petition of the petitioning creditors.