In re NEW ENGLAND BREEDERS' CLUB.

Ex parte HUB CONST. CO.

(Circuit Court of Appeals, First Circuit. February 18, 1909.)

No. 797.

1. BANKRUPTCY (§ 439*)—PETITION—DISMISSAL—REVIEW.

Where a bankruptcy proceeding is dismissed for want of jurisdiction, the trustee, having duly excepted, was entitled to have the order of dismissal reviewed, for error in matters of law, on an original petition, in the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 439.*]

2. BANKRUPTCY (§ 100*)—JURISDICTION.

An involuntary bankruptcy petition having been filed against a breeders' club, it was declared a bankrupt January 1, 1908, and a trustee appointed. On June 16th following, a creditor filed a petition alleging that the proceedings were void because the bankrupt was not a corporation within the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), not being principally engaged in trading or mercantile pursuits. The trustee moved to dismiss the petition because of the petitioner's laches and because certain valuable rights of creditors would be lost by vacation of the adjudication; but the court, on a master's report that the bankrupt was not principally engaged in trading or mercantile pursuits, dismissed the proceeding for want of jurisdiction without reference to the petitioner's laches, waiver, estoppel, or interest. *Held*, that the court had jurisdiction to pass on the sufficiency of the cause alleged for the vacation of the adjudication, and therefore erred in refusing to consider the objections raised by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

3. BANKRUPTCY (§ 100*)—ADJUDICATION—VACATION—RIGHTS OF CREDITOR.

A creditor of an alleged bankrupt has a sufficient interest to petition for the vacation of the adjudication on the ground that the bankrupt is not within the act.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 100.*]

Petition for Review of Order of the District Court of the United States for the District of New Hampshire, in Bankruptcy.

For opinion below, see 165 Fed. 517.

Henry F. Hollis, for petitioner.

Thomas G. Frost, for respondent.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. An involuntary petition in bankruptcy was filed against the New England Breeders' Club on April 19, 1907. An adjudication followed January 1, 1908. Hobbs was appointed trustee February 8, 1908, and the administration of the estate proceeded in the usual manner. On June 16, 1908, the Hub Construction Company, a creditor of the bankrupt, filed a petition alleging that the above-mentioned bankruptcy proceedings were void, because the bankrupt was not a corporation within the purview of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]),

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not being principally engaged in trading or mercantile pursuits. The petition prayed the District Court to determine whether or not it had obtained jurisdiction of the person of the club for the purpose of declaring it a bankrupt, and to set aside the adjudication. On the same day Hobbs moved to dismiss the petition of the Hub Company on several grounds, viz.: That no appeal had been taken from the adjudication within the statutory time; that the Hub Company did not show any interest in vacating the adjudication; that it had been guilty of laches; and that certain rights valuable to creditors would be lost by a vacation of the adjudication. Without passing specifically upon Hobbs' motion, the District Court "ordered upon consent of the parties that Burns P. Hodgman be appointed master to make findings upon the following questions of fact" among others:

"(1) Was the New England Breeders' Club at the time of the adjudication principally engaged in trading or mercantile pursuits, or were they at all engaged in such pursuits, or had they at any time and to any extent been engaged in such pursuits?"

The referee found that the New England Breeders' Club was not within the purview of the bankruptcy act, and the judge thereupon entered the following order:

"I hold the impression that the facts found by the master, that the Breeders' Club, at the time of the adjudication, was not principally engaged in trading or mercantile pursuits, and that it was never to any extent engaged in such pursuits, present a situation of absolute lack of jurisdiction, and that such lack of jurisdiction cannot be cured by laches, waiver, or estoppel, even as against a petitioner who has no interest in raising the jurisdictional question. I therefore do not pass upon either the question of fact involved in the claim of waiver, estoppel, or laches, nor upon the question of legal or equitable interest of the Hub Construction Company.

"The proceedings are dismissed.

"The trustee in bankruptcy excepts, and the execution of this order is stayed pending review."

The trustee thereupon brought an original petition in this court seeking to review the order of the District Court for error in matter of law. That this was a proper proceeding to obtain the reversal of the order complained of was decided in Plymouth Cordage Co. v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992.

The trustee's contention in effect is as follows: He does not dispute the correctness of the master's report concerning the nature of the bankrupt's business, but he contends that the District Court erred in holding its want of jurisdiction to be absolute, and in disregarding the questions of laches, damage to creditors, and the like, which were raised by his petition to dismiss. He does not contend that the District Court was altogether without jurisdiction to vacate the bankruptcy proceedings, but he does contend that the District Court was not obliged to vacate the proceedings as matter of law and without considering the circumstances and consequences. The Hub Company, on the other hand, contends that the finding of the master has shown that the District Court was altogether without jurisdiction to adjudicate the club a bankrupt, and that the court was therefore absolutely required to vacate the proceedings as soon as the nature of the bankrupt's business was established. The action of the learned judge in

the District Court was plainly based upon his agreement with the Hub Company's contention as stated above, and not upon consideration of the issues which the trustee sought to raise. The adjudication was vacated solely because of a supposed legal necessity arising from an absolute want of jurisdiction, and not because the petitioning creditors and the trustee failed to make out the allegations of the trustee's petition. Upon this distinction rests the decision of the case at bar.

To determine what allegations and facts are necessary to support the jurisdiction of a court, and what go only to establish a plaintiff's right to recover, is sometimes matter of difficulty. It is well settled, for example, that the allegation of diversity of citizenship is necessary to uphold the jurisdiction of the federal courts in those cases where jurisdiction depends upon diversity of citizenship; and even in the ultimate court of appeal the omission of this allegation may be noticed by the court, and, unless remedied, it will cause a vacation of the entire proceeding. But where the plaintiff's allegation of diverse citizenship is sufficient, the defendant, under ordinary circumstances, loses in time his right to dispute the allegation. Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521, 29 L. Ed. 725. In the case at bar there was no fraud upon the court. In Denver Bank v. Klug, 186 U. S. 202, 22 Sup. Ct. 899, 46 L. Ed. 1127, the petition in involuntary bankruptcy contained a sufficient allegation of the nature of the respondent's business. This allegation was traversed, and the jury found that the respondent was "engaged chiefly in farming" within the meaning of the bankruptcy act. The District Court dismissed the petition, and the petitioning creditors took an appeal directly to the Supreme Court as in a case where the jurisdiction of the District Court was in issue. The Supreme Court dismissed the appeal, saying that:

"The District Court had and exercised jurisdiction. The conclusion was, it is true, that Klug could not be adjudged a bankrupt, but the court had jurisdiction to so determine, and its jurisdiction over the subject-matter was not and could not be questioned. Mueller v. Nugent, 184 U. S. 15, 22 Sup. Ct. 269, 46 L. Ed. 409; Louisville Trust Co. v Comingor, 184 U S. 25, 22 Sup. Ct. 293, 46 L. Ed. 413; Smith v. McKay, 161 U S. 355, 16 Sup. Ct. 490, 40 L. Ed. 556."

In Smith v. McKay, cited in Denver Bank v. Klug, the Circuit Court had dismissed a bill in equity for want of equity, and the complainant took an appeal to the Supreme Court as on a question of jurisdiction. That court dismissed the appeal and quoted as follows from World's Columbian Exposition v. United States, 56 Fed. 654, 666, 6 C. C. A. 58, 71:

"We do not understand that the power of the Circuit Court to hear and determine the cause was denied, but that the appellants contended that the United States had not, by their bill, made a case properly cognizable in a court of equity. The objection was the want of equity, and not the want of power. The jurisdiction of the Circuit Court was therefore not in issue within the intent and meaning of the act." 161 U. S. 358, 16 Sup. 492, 40 L. Ed. 556.

In Denver Bank v. Klug therefore the Supreme Court decided that the allegation of the bankrupt's business in a petition in involuntary bankruptcy is analogous to the allegation of equity in a bill in equity, and is not analogous to the allegation of diversity of citizenship. If it be true, as the Supreme Court has thus held by implication, that

an insufficient allegation of the respondent's business does not deprive the District Court of jurisdiction of a petition in involuntary bankruptcy, a fortiori the District Court is not deprived of jurisdiction by proof that this allegation is untrue. Substantially this result has been reached by several Circuit Courts of Appeals. In re First Nat. Bank of Belle Fourche, 152 Fed. 64, 81 C. C. A. 260; Broadway Savings Bank Trust Co., 152 Fed. 152, 81 C. C. A. 58; In re T. E. Hill Co., 159 Fed. 73, 86 C. C. A. 263; Columbia Iron Works v. Nat. Lead Co., 127 Fed. 99, 62 C. C. A. 99, 64 L. R. A. 645.

We are compelled therefore to reverse the order of the District Court vacating the adjudication. We do not decide that that court was without authority to vacate the adjudication upon the Hub Company's petition, if the Hub Company was found not to have lost its right of objection, and if the creditors would not be too greatly prejudiced thereby. We do not decide that the District Court was without authority to reopen its decree for sufficient cause shown, but that it had general jurisdiction to pass upon the sufficiency of the cause. The master reported certain findings of fact concerning the Hub Company's laches, its interest in the proceedings, and the consequences to the creditors of a vacation of the adjudication. We prefer not to deal with these findings in the first instance, but to leave them to the District Court, which has full knowledge of the whole course of the case. The trustee urged before us that the Hub Company had shown no interest in the vacation of the adjudication, but we hold that its interest as a creditor, without more, was sufficient for that purpose.

Let there be a decree not inconsistent with the opinion passed down the 18th day of February, 1909, with costs for the petitioner.