<hr/>

## RE JUAN RODRIGUEZ, Bankrupt.

San Juan, Bankruptcy, No. 199.

PETITION TO SET ASIDE ADJUDICATION.

Bankruptcy—Lack of Allegation of Insolvency.
    1. An application in bankruptcy which interferes with an attach-

Re Rodriguez.

ment is notice to the attaching creditor, and after adjudication he cannot set up the defect of no allegation of insolvency at the date of the act of bankruptcy.

Amendment—Judgment.

2. A petitioner who does not allege that the bankrupt was insolvent at the time of the attachment complained of takes an amendable defect, and will not be heard after adjudication.

Opinion filed November 6, 1917.

*Mr. Alberto Poventud* for petitioner Gierbolini.

*Mr. Flores Colon* for other creditors.

HAMILTON, Judge, delivered the following opinion:

On June 25, 1915, Amador Torres, representing creditors, filed a petition in involuntary bankruptcy against Juan Rodriguez of Coamo, alleging "that said Juan Rodriguez is insolvent, and that within four months next preceding the date of this petition the said Juan Rodriguez committed an act of bankruptcy, in that he did heretofore suffer and permit a creditor to attach his stock and trade, and obtain a preference through legal proceedings in the district court of Ponce, and not having vacated the judgment rendered against him, which judgment will be final within five days." Service was prayed. and duly had upon the debtor, and on July 26 adjudication and order of reference followed. On August 10, 1917, the attaching creditor in question, Adolfo Gierbolini, prays that the adjudication be set aside on the grounds that jurisdictional facts required by law do not appear in that the petition is void

because it is not stated that the preference was suffered while the debtor was insolvent, as required by § 3, subdivision 3, of the Bankruptcy Act, and that the petition does not state that the judgment was suffered with the intent to prefer the judgment creditor. Re Gilbert, 112 Fed. 951.

Whether these alleged defects would have prevented adjudication if made before that order need not be considered. The petition in question is made after the adjudication, and the question is whether there was enough before the court to give it jurisdiction. The authority cited of Re Gilbert was apparently before adjudication, and so is not pertinent to the present application. The only question is whether there has been a jurisdictional defect which invalidates the proceeding.

1. It is to be remembered that the present petitioner had the right to raise the point now presented before the adjudication. The law requires that there be fifteen days' notice to the bankrupt, and that within five days thereafter he or his creditors may oppose the adjudication. Bankruptcy Act, § 18 (a) and (b). The present creditor did not oppose the adjudication, nor does he aver in his present petition that there is any reason why he could not have opposed it. Re First Nat. Bank, 81 C. C. A. 260, 152 Fed. 64, 11 Ann. Cas. 355. He does not aver that he was not informed that there was such an application; and as the bankruptcy proceeding seems to have stopped his attachment the presumption would probably be that he was informed of the application, and is now applying, after adjudication, on a ground which he could have presented before adjudication. This cannot be encouraged. The filing of a petition in involuntary proceedings is notice to all creditors. Re Billing, 145 Fed: 395. It is lis pendens. Re Zotti, 178

Re Rodriguez.

Fed. 304. An amendment could have been allowed to show insolvency at the date of the act of bankruptcy. Re Pangborn, 26 Am. Bankr. Rep. 40.

2. The general rule is that defects which are amendable will after judgment be considered as amended before judgment was rendered; in other words, that judgment or decree amends amendable defects. In the case at bar the original petition does not state that the insolvency existed at the time of the attachment complained of. It does state, however, that there was an attachment, and it appears from the whole record that the goods attached are those looked to by all creditors. It would seem, therefore, that the insolvency might and probably did exist, although it is not alleged. The petition now filed for setting aside the adjudication does not itself allege that the debtor was solvent at the time of the attachment; it relies upon a formal defect, but does not allege that the facts made that formal defect a real one. Nor is the lack of an averment that the intent of the attachment was to prefer the given creditor better based. The case of Gilbert shows that the intent is, in bankruptcy as in everything else, presumed from the facts themselves. If the petition to set aside the adjudication had alleged that the bankrupt was solvent at the time of the attachment and preference, it would show that the petition could not have been amended; in other words, that there was an absolute jurisdictional defect. If that had been alleged, it might be right to set aside the adjudication, and, retaining custody of the res, allow the petitioner in bankruptcy to amend and contest the point as to solvency vel non at the time of the attachment. After judgment or decree, presumptions are in favor of regularity and amendability, and should not be lightly

Re Rodriguez.

disturbed! If an allegation is wanting which as a matter of fact could have been supplied and proved, then the error is at most error without injury. An application of this kind is one in the nature of a motion for a new trial, and therefore should set out the facts which show the applicant to have suffered injury, and entitling him to relief. Collier, Bankr. 10th ed. 435. There would be no use going into a rehearing if the facts to be presented were so amendable and so amended as to require the same adjudication. The court will not do a vain thing.

Upon the whole it seems best to dismiss the present petition to set aside the adjudication, but dismiss it without prejudice, so that if the facts justify it may be presented in proper form.

It is so ordered.