### ALEXANDER v. FARMERS' SUPPLY CO. et al.
### In re FARMERS' SUPPLY CO.
(Circuit Court of Appeals, Fifth Circuit. October 11, 1921.)
#### No. 3713.

Bankruptcy ⊚⟿51—Stockholder held not entitled to have adjudication in bankruptcy of corporation set aside.

    Stockholder of a corporation, who had knowledge of all the steps taken from filing of voluntary petition in bankruptcy to sale of the assets, and remained inactive, was not thereafter entitled to defeat the voluntary petition because there was no proper corporate action authorizing the institution of the proceeding, or to have the adjudication in bankruptcy set aside on that ground.

Petition to Superintend and Revise Proceedings of the District Court of the United States for the Northern District of Georgia, in Bankruptcy; Samuel H. Sibley, Judge.

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the Farmers' Supply Company, bankrupt. Petition by J. F. M. Alexander to set aside an adjudication in bankruptcy and for the appointment of a receiver. There was a decree in part denying the prayers, and petitioner petitions to superintend and revise. Denied.

Phil W. Davis, Jr., of Lexington, Ga., for petitioner.

Howell C. Erwin, William L. Erwin, and Stephen C. Upson, all of Athens, Ga., for respondents.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. By the decree complained of, entered upon the amended petition of J. F. M. Alexander, the prayers of that petition for the setting aside of the adjudication in bankruptcy of the Farmers' Supply Company, and for the appointment of a receiver, were denied, and it was ordered that the petition stand as an intervention in said bankruptcy proceeding, and that the petitioner be heard upon the question of the debts owing by the bankrupt corporation, or otherwise as his interest may appear.

The Farmers' Supply Company was a corporation, having an issued capital stock of 64 shares, of $100 each. It engaged in a mercantile business at Lexington, Ga. Alexander, the petitioner, owned 7 of the shares, and until the spring of 1919 was secretary and treasurer of the company. During the year 1919 J. A. Moore became the secretary and treasurer. Thereafter he acquired all the capital stock, except the 7 shares owned by Alexander. From the time Moore became the owner of 57 shares of the stock, about one year prior to December 17, 1920, he was in sole charge of the business, and conducted it in the name of the corporation, just as it had previously been conducted, and in the same place, held himself out as the president of the corporation, and contracted debts in its name. The voluntary petition to have the Farmers' Supply Company adjudged a bankrupt was filed in its name, by Moore, as its president, on December 17, 1920, and the adjudication in pursuance of the prayer of that petition was made on December 18, 1920.

In filing the petition Moore acted on his own initiative, the matter of instituting the bankruptcy proceeding not having been considered or acted on at any meeting of officers, directors, or stockholders of the corporation. Alexander, who lives at Lexington, Ga., learned of the filing of the petition the next day. He saw the newspaper notice of the first meeting of creditors. He knew when the stock of goods was being advertised for sale under the order of the court in the bankruptcy proceeding, and when the sale took place. He knew that the stock of goods was bought at such sale by two purchasers, that they divided the stock between them, that one of them moved his part of the goods to South Georgia, that the other, with his part of the goods, went into business at Lexington, in the old stand of the Farmers' Supply Company, and that later a fire destroyed that building and the goods therein. In February, 1921, Alexander was a witness in the bankruptcy proceeding, being examined on the question of the corporation's indebtedness for rent from the year 1915 to the date of the bankruptcy. From

the time he learned that the Farmers' Supply Company was in bankruptcy until March 10, 1921, when he filed the petition which prayed that the bankruptcy adjudication be vacated, he made no complaint, and in no way questioned the validity or regularity of the proceedings. The petition which prayed the vacation of the bankruptcy adjudication contained averments to the effect that debts which were scheduled as liabilities of the Farmers' Supply Company were not debts owing by it, but were individual debts of J. A. Moore.

We are of the opinion that, if Alexander had the right to defeat the voluntary petition in bankruptcy filed in the name of the Farmers' Supply Company, because there was no proper corporate action authorizing the institution of the proceeding, he lost that right by his silence and inaction under the circumstances and for the length of time above indicated. His conduct, with full knowledge of what was going on, was such as to support an inference that he acquiesced in the bankruptcy adjudication, and in the administration and disposition under the orders of the court of the property of the corporation, which came into the court's possession as a result of the adjudication. If Alexander's objection, based upon the absence of proper corporate action authorizing the institution of the proceeding, had been successfully made before the administration of the property brought into the bankruptcy court had been entered upon, it may be supposed that the result would have been only a short delay in getting the corporation adjudged bankrupt on its voluntary petition. Moore, being the owner of 57 of the 64 shares of the corporation's capital stock, readily could have brought about a proper corporate authorization to institute such a proceeding.

Alexander's failure to raise the objection at that time may be attributed to the realization by him, or by the lawyers he then consulted, of the futility of his doing so. Having full knowledge of what was going on, Alexander could not remain silent and inactive while the court dealt with the assets of the Farmers' Supply Company as property subject to be administered and disposed by it, and retain the right to impeach the adjudication of bankruptcy on the ground urged after, as results of the court's action, changes in the condition of the property and in the situation and relations of interested parties had been effected while the validity and regularity of the adjudication were unquestioned. Under the circumstances disclosed, Alexander, by failing to act promptly, lost the right to bring the bankruptcy adjudication in question on the ground relied on. In re First National Bank, 152 Fed. 64, 81 C. C. A. 260, 11 Ann. Cas. 355; Collier on Bankruptcy (9th Ed.) 434.

In so far as Alexander controverted the liability of the bankrupt on claims scheduled as debts owing by it, the decree under review was not adverse to him. He was permitted to be heard on that question, or otherwise as his interest might appear. More than that he was not entitled to at the stage of the proceedings at which his petition was filed.

The petition to superintend and revise is denied.