---

### In re DE LUE.

(Circuit Court of Appeals, First Circuit.   January 23, 1924.)

#### No. 1662.

Bankruptcy ⚖═100(2)—Court may deny application to vacate adjudication because of laches or estoppel.

A court of bankruptcy is not absolutely deprived of jurisdiction after an adjudication by a showing that bankrupt was not a person subject to the Act, and may in its discretion refuse to consider an application to vacate the adjudication, made after the proceedings have progressed so far that it would work injustice and loss to creditors, on the ground of laches and estoppel.

Petition to Revise in Matter of Law the Proceedings of the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the matter of Frederick S. De Lue, bankrupt.   On petition of bankrupt to revise order of District Court.   Affirmed.

Vincent P. Clarke, of Boston, Mass., for petitioner.
Ralph S. Fickett, of Boston, Mass., for respondents.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge.   This is the petition of a bankrupt to revise in matter of law an order of the District Court.   The facts are as follows:

The petitioner, on November 29, 1922, was adjudicated a bankrupt on an involuntary petition which failed to negative the fact that the debtor was engaged chiefly in farming or the tillage of the soil.   May 23, 1923, and about a month after the adjudication, the bankrupt filed a petition in the District Court stating that he was a person engaged chiefly in farming or the tillage of the soil and had been for many years prior to the filing of the petition in bankruptcy and ever since then, and asked that the adjudication be vacated and the petition in bankruptcy dismissed.   It further appeared that the bankrupt had been duly notified of the petition in bankruptcy; that he had appeared

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and filed two different answers; that in neither of them had he alleged the facts set out in the present petition; that after numerous hearings and full opportunity to present evidence he was adjudicated a bankrupt; that thereafter he filed schedules of debts and assets; and that a trustee in bankruptcy was appointed, who made an examination of the bankrupt and received from him certain personal property constituting his assets. No appeal from the adjudication having been taken within the time prescribed by law, the petition of May 23, 1923, was filed in the District Court. That petition, on June 11, 1923, was denied, and on September 4, 1923, this petition to revise was brought.

We regard the questions raised in this case as determined for this circuit by the decision in Re New England Breeders' Club, 169 Fed. 586, 95 C. C. A. 84. In that case an involuntary petition had been brought against the New England Breeders' Club, a corporation, in which the petitioning creditors alleged that it was principally engaged in trading or mercantile pursuits. An adjudication was had January 1, 1908. A trustee was appointed February 8, 1908, and the administration of the estate proceeded in the usual manner. June 16, 1908, the Hub Construction Company, a creditor, filed a petition in the District Court, alleging that the bankrupt was not a corporation within the purview of the Bankruptcy Act, as it was not principally engaged in trading or mercantile pursuits, that the adjudication was void, and praying that evidence be taken on the question and the adjudication vacated. Without passing upon the trustee's motion to dismiss the petition, the District Court, being of the opinion that the facts presented by the Hub Construction Company's petition presented an absolute lack of jurisdiction, ordered the question presented by it to be heard by a master, who, after hearing the parties, reported, among other things, that the Breeders' Club was not a corporation principally engaged in trading or mercantile pursuits. The District Court, without exercising its discretion and passing upon the questions of fact involved in the trustee's motion as to waiver, estoppel, and laches, vacated the decree of adjudication and dismissed the proceeding. The trustee thereupon brought a petition to revise in matter of law the order vacating the decree, on the ground that the District Court erred in holding its want of jurisdiction to be absolute, and in disregarding the questions of waiver, damage to creditors, and the like, raised by his motion to dismiss the petition of the Hub Company. It was held that the District Court erred in holding that its want of jurisdiction was absolute; that, as it had been held that an ambiguous allegation of a respondent's business would not, after adjudication, deprive the District Court of jurisdiction, it was not deprived thereof by proof that a definite allegation was untrue. See In re First Nat. Bank, 152 Fed. 64, 81 C. C. A. 260, 11 Ann. Cas. 355; In re Broadway Savings Trust Co., 152 Fed. 152, 81 C. C. A. 58; In re T. E. Hill Co., 159 Fed. 73, 86 C. C. A. 263; Columbia Iron Works v. Nat. Lead Co., 127 Fed. 99, 62 C. C. A. 99, 64 L. R. A. 645. It was further held that, inasmuch as there are no terms of the bankruptcy court and it was always open, the District Court, as a bankruptcy court, had the power to re-examine its orders during the pendency of the suit upon timely and proper applica-

tion (In re First National Bank, 152 Fed. 64, 71, 81 C. C. A. 260, 11 Ann. Cas. 355), and remanded the case to the District Court, with directions to pass upon the questions of waiver, estoppel, laches, etc.

The petition above referred to, of May 23, 1923, on the facts in this case, having been dismissed by the District Court in the exercise of a sound judicial discretion, and not in abuse thereof, it is not open to revision here.

The order or decree of the District Court is affirmed, and the petition to revise is dismissed, with costs to the respondents.