STEVENS et al. v. MISSOURI, K. & T. RY. CO. et al.

(Circuit Court, E. D. Missouri, E. D.   April 19, 1900.)

1. DEPOSITIONS—EQUITY CAUSES IN FEDERAL COURTS.
   Rev. St. § 863, construed in connection with rule 68 of the supreme court, which relates to such section, does not authorize the taking of testimony by deposition de bene esse in an equity cause until after it is at issue.

2. SAME—AUTHORITY OF CLERK TO ISSUE SUBPŒNAS.
   There is no statutory provision conferring power upon a clerk of a circuit court to issue subpœnas requiring witnesses to appear and give depositions before a notary, to be used in another federal court, except where such depositions are to be taken under a commission, as provided in Rev. St. § 863, and subpœnas so issued in other cases are without any lawful authority.

On application for an order requiring witnesses to show cause why they should not be punished for contempt.

Harris Lindsley, for complainants.
James Hagerman, for defendants.

ADAMS, District Judge (orally).   In the case of Stevens v. Railway Co., which case is pending in the circuit court of the United

States for the Southern district of New York, it appears that in the progress of that cause in New York, and before issue was joined, notice was given by the complainants to take testimony in St. Louis before a notary public. The parties appeared here, subpœnas were issued by the clerk of this court to witnesses, and the witnesses appeared, but declined to be sworn. Application is now made to this court for an order upon these witnesses, as recalcitrant witnesses, to show cause why they should not be punished for contempt, in that they refused to be sworn in the proceeding before the notary public. The chief objection made to this is that the issue in the main case pending in New York, as appears by the papers now before the court on this application, has not been joined. In other words, the case stands there on the bill, there is no answer filed, and, of course, no replication, and it is contended, by reason of that fact, there is no power to take the testimony of witnesses.

In determining, now, what is to be done with this application, reference, of course, must be had to the provisions of the law in relation to taking testimony in equity cases. It is well known, of course, that congress delegated power to make rules for taking testimony in equity and admiralty jurisdiction to the supreme court of the United States, vesting that court with power to make rules determining the mode of proof in causes of that kind, and conferring on that court power to change them from time to time. It is not necessary, probably, to refer to the general line of decisions which have established the legality of the power conferred upon that court. It originally was contended, and has been contended at divers times, that the delegation of power upon the supreme court of the United States to formulate rules for the taking of testimony in admiralty and equity causes was delegating power of a legislative nature on the courts of the United States, but it has been held and established now as the law that it is not a delegation of legislative power, but is simply imposing on the supreme court of the United States power judicial in its nature and character, regulating the manner of taking testimony in the courts of the United States. Accordingly, in disposing of the question now under consideration, the rules of the supreme court of the United States in equity and admiralty have all the force and effect of statutes of the United States governing the taking of testimony in such cases. It is incumbent upon the courts to consider not only the statutes, but the rules of the supreme court which have been promulgated in relation to the mode of taking testimony. Now, looking at these rules and the statutes together, it is clear that there has been for a long time a well-regulated system of taking testimony in such cases. First, testimony was taken under commissions duly issued by the court in which the cases were pending, under which the testimony was taken upon interrogatories and answers. This commission was sent to some commissioner of the United States for that purpose. This was enlarged so as to permit the taking of testimony by a special examiner or a general examiner. Afterwards the congress of the United States, with the view of enlarging the provisions with respect to that,

and making the taking of testimony more convenient, passed several acts, which are embraced in section 863 in the Revised Statutes. This but enlarges the power of the court and the opportunities of litigants for securing testimony, and provides, in a general way, that testimony may be taken in equity and admiralty causes in practically the same manner as it was taken in legal actions; that is, by depositions de bene esse, where all that is required is that a litigant shall give notice to the opposite party that he proposes to take the testimony of certain witnesses, to be named, according to this section, before any notary public, anywhere. In such a proceeding the parties go before such notary public, and he takes their testimony, in equity and admiralty causes, the same, practically, as hitherto was done in legal actions.

Now comes the question which is at issue here,—whether this particular section (section 863, Rev. St.) is to be so construed as to permit the taking of testimony in an equity cause before issue joined. This section reads at the outset, "The testimony of any witness may be taken in any civil cause depending in the district or circuit court by depositions de bene esse," etc. This section must be construed in the light of the previous section (section 862), which makes provisions for the promulgation of rules in equity by the supreme court of the United States, and, of course, in connection with the rules of the supreme court of the United States pursuant thereto. The rules which that court has adopted in this respect are rules 67–70. Rule 67 is one which relates to the old-time method of taking testimony, namely, testimony taken on commission duly issued, and testimony taken by examiners, either a general examiner of the court, or a special examiner to be appointed in each case. This rule provides at the outset, "After the cause is at issue commissions to take testimony may be taken out in vacation as well as in term," etc. Rule 69 is another rule promulgated for the purpose of expediting the taking of testimony. This rule provides that "three months and no more shall be allowed for the taking of testimony after the cause is at issue, unless the court or judge shall extend the time," etc. Now, in the light of the provisions of section 863 of the statutes, the supreme court promulgates another rule, known as rule 68, providing that "testimony may also be taken in the cause, after it is at issue, by deposition, according to the act of congress, but in such cases when no notice is given to the adverse party of the time and place of taking the deposition, he shall, on motion and affidavit of the fact, be entitled to cross-examination of the witness, either under a commission, or by a new deposition taken under the act of congress," etc. This rule 68 manifestly and clearly relates to section 863. As I say, section 863 is a combination or codification of the several acts of congress passed before that time in relation to taking depositions in equity causes, and especially a codification of the acts of congress of February 26, 1853, July 29, 1854, and May 9, 1872. I say this rule 68 clearly relates to that, because it relates to the taking of testimony by a deposition according to the acts of congress. There is no other act of congress which relates to the taking of testimony by deposition, except this sec-

tion 863; and, further, it seems to me that this rule necessarily relates to that section, because of the provisions made for taking testimony in case notice is not given to the adverse party. That manifestly relates to that provision of section 863 which provides for the taking of testimony by deposition de bene esse in case of the absence of a party, so that service or notice cannot be given to him. Therefore, construing this in the light of the manifest purpose of the supreme court in promulgating the rule, it must simply be held to mean, I think, that when a person proceeds to take testimony de bene esse on a notice, merely, he must proceed in accordance with rule 68. The language of section 863, that "the testimony of any witness may be taken in any civil cause depending in any district or circuit court," must, in the light of the rules to which I have called attention, be understood to mean so depending in any district or circuit court of the United States as, under the rules which are enforced in relation thereto, to entitle a party to take testimony. "So depending" necessarily means that the issues must have been framed.

I am aware, in reaching this conclusion, that I differ with Judge Lacombe, of New York; but I cannot help but think that the statement of the conclusion reached by Judge Lacombe, to the effect that a cause is depending, within the meaning of section 863, prior to the joining of the issues, is incorrect. I cannot see how that construction can be given to the act, in the light of the rules of the supreme court, which must have the same force and effect as statutes enacted on the subject.

It follows that, inasmuch as this case is not at issue, no testimony can be taken in it. I have in mind, of course, the statement made in the argument of counsel to the effect that the proceedings in New York are at the stage affecting the question of jurisdiction, and that it becomes necessary to take the testimony on that issue, and they say it is impossible to secure it without compulsory process; but this is a misfortune, and I know of no law that can relieve them from such a condition of things. The determination of questions of jurisdiction or other preliminary matters is, as a rule, by affidavit, and not by this process of taking testimony.

There is another reason which seems to me to be determinative of this matter, and that is that I am not aware of any provisions of the statutes of the United States conferring upon the clerk of this court, under such circumstances, any power to issue subpoenas. There is such power conferred by section 863 upon the clerk in cases where a deposition is to be taken under a commission, but the power is limited to such cases. Under such circumstances it seems to me that the issuing of the subpoena by the clerk was without any authority in law whatsoever in this case.

For both these reasons the application made here for an order on these defendants to show cause why they should not be punished for contempt should be denied.

I alluded a moment ago to the fact that Judge Lacombe expressed an opinion differing from these views, and I think it but just to so eminent a jurist to say this: That in consideration of his judg-

ment I mistrusted my own, after reaching a conclusion that I thought was right, and regretted that this matter had not been so presented that it could have been heard by a circuit judge alone, or sitting with me; but, that not having been done, I consulted Judge Thayer on the subject, and he authorized me to say, after going over this matter, that he concurs in the conclusion which I have reached in this case.