FLOWER v. MacGINNISS et al.

(Circuit Court of Appeals, Second Circuit. December 16, 1901.)

No. 121.

1. WITNESSES — EQUITY CAUSE — DEPOSITION — WHEN TAKEN — REFUSAL TO TESTIFY—CONTEMPT.

Under Rev. St. U. S. § 863, providing that the testimony of a witness may be taken in any civil cause depending in a district or circuit court by deposition, and supreme court rule 68, providing that such testimony may be taken "in the cause after it is at issue," a witness in an equity case cannot be compelled to give his deposition before the cause is at issue; hence his refusal to so testify when subpœnaed is not a contempt of the court issuing the subpœna.

2. SAME—COMMITMENT FOR CONTEMPT—FINAL ORDER—WRIT OF ERROR.

An order in an equity cause, committing a witness, not a party to the suit, for contempt in refusing to testify before the cause is at issue, is final and reviewable on a writ of error sued out by the witness.

In Error to the Circuit Court of the United States for the Southern District of New York.

John A. Garner, for plaintiff in error.

Franklin Bien, for defendant in error.

Before WALLACE, Circuit Judge, and TOWNSEND and ADAMS, District Judges.

WALLACE, Circuit Judge. This is a writ of error to review an order committing the plaintiff in error for contempt for refusing to submit to an examination as a witness in an equity cause pending in the United States circuit court for the district of Montana to which he was not a party. The complainant having given notice of the taking of depositions before a commissioner, pursuant to section 863 of the Revised Statutes of the United States, obtained a subpœna from the clerk of the United States circuit court for the Southern district of New York, and made service of the same upon the plaintiff in error. The plaintiff in error appeared before the commissioner, pursuant to the subpœna, and refused to submit to an examination, upon the ground that issue had not been joined in the equity cause, and consequently the complainant was not entitled to take his testimony. Upon an application to punish him for contempt, although it appeared that issue had not been joined in the equity cause, the court below adjudged him guilty. Concededly, this order was erroneous, unless, by virtue of section 863, the complainant was entitled to take the testimony of the witness notwithstanding issue had not been joined in the cause. The section provides that the testimony of a witness "may be taken in any civil cause depending in a district or circuit court by deposition de bene esse when the witness lives at a greater distance from the place of trial than one hundred miles," etc., upon first giving reasonable notice in writing to the opposite party or his attorney, stating the name of the witness and the time and place of the taking of the deposition, and that any person may be compelled to appear and depose in the same manner as witnesses may be compelled to appear and testify in court. The section is a

reproduction by the revisers in substance of a similar provision contained in section 30 of the judiciary act of September 24, 1789, with subsequent amendments as to unimportant matters, to which it is not necessary to refer. It is to be read in connection with rules 67 and 68 of the supreme court of the United States, promulgated pursuant to the statutory authority conferred on that tribunal to prescribe and regulate the mode of taking and obtaining evidence in equity and admiralty causes. This power was conferred on the supreme court by congress in 1842, and in that year these rules were promulgated. They cover the whole subject of procedure in taking testimony in equity causes, so far as it is not controlled by statutes, and they have subsequently been amended from time to time, the latest amendments being made in 1891 and 1892. It will be observed that section 863 is silent as to the time when, in a pending cause, the testimony of the witness may be taken. An equity cause is pending the moment a bill has been filed in the office of the clerk of the court, whether or not process has been served on the party named as defendant. Was it the intention of congress to permit a complainant, as soon as he has filed a bill, and before it can be known what facts it will be necessary for him to prove, and, indeed, before it can be known whether it will be necessary for him to introduce any proof, to compel third persons to submit to the ordeal of an examination as witnesses? If that were so, the statute would be open to grave abuses. The right of parties to obtain testimony where it is necessary in order to prevent a failure or delay of justice is carefully preserved by section 866 of the Revised Statutes, but this must be pursued by application to the court, and upon such application the court will not sanction a merely inquisitorial proceeding. In the absence of any rule of the supreme court section 863 is open to the construction that the witness may be examined whenever a cause is depending,—consequently, at any stage of the suit. In actions at common law the practice of taking depositions before issue joined has to some extent obtained. The practice has always been sanctioned in admiralty causes, because otherwise it would frequently be impossible to obtain the testimony of mariners and others who reside in foreign countries or have no fixed domicile. Inasmuch as the statute says the testimony "may be taken in any civil cause depending," without more, it is reasonable to infer that congress did not intend to lay down any hard and fast rule that would prevent such proper regulations in respect to the time of exercising the privilege as the courts might find it expedient to adopt for preventing its abuse. In respect to equity actions, equity rule 68 of the supreme court distinctly declares that the testimony may be taken "in the cause after it is at issue, by deposition, according to the act of congress." This rule plainly refers to depositions taken pursuant to section 863. It must be accepted as the deliberate opinion of that court, not only that it is inexpedient to permit the testimony to be taken before the issues are known, but also that the language of the section does not preclude the limitation which the rule has placed upon it. We cannot disregard the rule without implying that it transcends the authority of that tribunal. The limitation must be read into

the section. It follows that the examination before the commissioner was unauthorized by the statute, and the plaintiff in error was justified in refusing to give testimony.

The order of the court below was made pursuant to a ruling of the circuit judge in a previous case, in which the effect of the rule of the supreme court does not seem to have been called to his attention. The question involved was fully considered in Stevens v. Railroad Co. (C. C.) 104 Fed. 934, where the conclusion was reached that a subpœna issued by the clerk, requiring a witness to appear for examination in an equity cause in which no answer had been filed, was without lawful authority. The opinion contains a very satisfactory discussion of the question. The right to a review of the order by writ of error has been challenged, but it is not open to controversy in this court. Our decision in Butler v. Fayerweather, 33 C. C. A. 625, 91 Fed. 458, is controlling.

The order is reversed, with costs.

ADAMS and TOWNSEND, District Judges, concur.