ROBERT R. MOORE & others, executors, *vs.* VICTOR H. STODDARD.

SAME *vs.* ELIZABETH N. JOHNSON.

SAME *vs.* NELLIE KINSELL.

Bristol.　　June 23, 1910. — September 7, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Probate Court,* Appeal, Interrogatories, Deposition, Decree. *Witness. Statute,* Construction. *Equity Jurisdiction,* In probate appeals. *Waiver. Words,* " Court in which the cause is pending," " In the register's office."

R. L. c. 175, § 42, providing that " the deposition of a person without this Commonwealth may be taken under a commission issued . . . by the court in which the cause is pending," being a statute passed for the purpose of making available for the furtherance of justice the evidence of witnesses whose attendance in court cannot be secured, should be construed broadly and liberally to effectuate that end, and therefore, while it is true that, after the entry in the Supreme Judicial Court of an appeal from a decree of the Probate Court, in the strict sense of the word the cause is not pending in the Supreme Judicial Court, yet, for the purposes of the provision of the statute quoted, it may be said to be pending there for determination of the appeal, and the provisions of the statute are broad enough to empower the Supreme Judicial Court to issue commissions for the taking of depositions as to matters to be determined upon the appeal.

Upon the entry in the Supreme Judicial Court of an appeal from a decree of the Probate Court, the Supreme Judicial Court under its general equity powers and under the provisions of St. 1862, c. 40, § 1, now R. L. c. 159, § 15, giving to either party in a suit in equity a right to file interrogatories as to matters material to the support or defense of the suit to be answered under oath by the adverse party, has power to allow interrogatories to be filed by one party to the other and may require them to be answered, and that power was not taken away or diminished by St. 1879, c. 186, now R. L. c. 162, § 41, which provides that " in proceedings

in probate courts, the petitioner or the respondent may, at any time after the filing of the petition, file interrogatories in the register's office for the discovery of facts and documents material to the support or defense of the proceeding," which must be answered under oath as in actions at common law.

After the entry in the Supreme Judicial Court of an appeal by the respondent from a decree of the Probate Court allowing a will, the petitioner filed in the Supreme Judicial Court interrogatories to be answered under oath by the respondent, and applied also for commissions for the taking of the depositions of certain persons without the Commonwealth. Upon the respondent filing motions seeking for orders that he be not required to answer the interrogatories and that the commissions be refused, the parties entered into a stipulation that, if the interrogatories and the applications for commissions for the taking of depositions were filed in the Probate Court, no objection would be made therein that that court was not at that time "the proper court in which to file them," and, the interrogatories and the applications having been filed in the Probate Court, an interlocutory decree was made by a single justice of this court that, "upon the filing of the written stipulation . . . the court does not pass upon either of the motions [of the respondent], the executor preferring, under the terms of the stipulation, to file his interrogatories and take the depositions under commissions to be issued by the Probate Court, and no commissions are to be issued by this court and no answers to interrogatories are to be required in this court." Thereafter the Probate Court dismissed the petitioner's application that the respondent be compelled to answer the interrogatories and that the commissions for the taking of the depositions should issue, on the ground that the proceeding was not pending in that court. Thereupon the petitioner again sought before a single justice of this court to compel the respondent to answer the interrogatories and for the issuance of the commissions for the taking of the depositions, and the respondent contended that the petitioner had waived his right to do so. *Held*, that there had been no such waiver by the petitioner, the interlocutory decree of the single justice plainly having been intended to take effect only upon the stipulation of the parties being carried out.

THREE APPEALS from a decree of the Probate Court for the county of Bristol, allowing the will of Elizabeth F. Noble, late of Mansfield.

Two months after the entry of the appeals in the Supreme Judicial Court for the county of Bristol the petitioners filed in that court interrogatories to the respondents, and also filed interrogatories for the taking of the depositions of nineteen other persons, who resided outside of this Commonwealth. The respondents thereupon filed a motion that they be not required to answer the interrogatories propounded to them by the petitioners, "for the reason that said interrogatories should have been filed in the Probate Court "; and also a motion that no commissions issue for the taking of the depositions of the nineteen non-resident persons, on the grounds that the applications therefor should have been made to the Probate Court, and because the applica- ·

tions were "not made in good faith, nor with any *bona fide* intention on the part of the petitioners of using the testimony so obtained, but for the purpose of discovering the respondents' case and testimony."

Thereafter a stipulation of the parties was filed as follows: "It is stipulated that if the interrogatories to parties and the interrogatories for depositions filed in the above entitled causes are filed in the Probate Court for Bristol County no objection will be made that said court is not now the proper court in which to file them, and any depositions taken in pursuance of such inter, rogatories may be read in the Supreme Judicial Court only to such extent as they are legally relevant. The respondents reserve the right to contend in the Probate Court that it is now too late to file interrogatories to parties in any court, and the right to make all other objections not dependent on the place of filing."

Thereupon by order of a single justice an interlocutory decree was entered that "now upon the filing of the written stipulation of the appellants, the court does not pass upon either of the motions, the executors preferring, under the terms of the stipulation, to file their interrogatories and take the depositions under commissions to be issued by the Probate Court, and no commissions are to be issued by this court and no answers to interrogatories are to be required in this court."

The petitioners then having filed in the Probate Court interrogatories to the respondents and also interrogatories for the taking of the depositions of the nineteen non-resident persons, and having filed petitions that the respondents be ordered to answer the interrogatories and that commissions for the taking of the depositions should issue, a decree was made by the Probate Court dismissing each petition on the ground that it appeared that the proceeding was not then pending in that court. There then was a hearing in the Supreme Judicial Court before *Braley*, J., upon the motions of the petitioners and of the respondents as to the interrogatories and the commissions for the taking of the depositions at which the respondents asked the single justice to rule as a matter of law that it appeared from the questions addressed to the various witnesses that the application for commissions was not designed to secure evidence for use at the trial. The ruling was refused, and the single jus-

tice " found as a fact upon the evidence, namely the statements of counsel, that the questions for depositions were filed in good faith for the purpose of procuring evidence to be used at the trial, and thereupon ruled that the interrogatories to the respondents were properly filed in this court, and that the petitioners were entitled to answers thereto, and without passing on the competency of any of the interrogatories to the respondents," he " further ruled that commissions should issue to take the depositions of witnesses who were not respondents," and, deeming the questions raised to be of sufficient importance, at the request of the respondents reported them to the full court for determination.

The cases were submitted on briefs.

*E. F. McClennen & A. L. Fish,* for the petitioners.

*J. W. Cummings, A. J. Jennings & J. M. Morton, Jr.,* for the respondents.

SHELDON, J.  1.  It has been found that the questions filed by the petitioners for the taking of the depositions of the witnesses named therein were put in good faith for the purpose of procuring evidence to be used at the trial of the issues.  Clearly it could not have been ruled otherwise as matter of law.  The contention now made by the respondents is that this court has not the right to issue such commissions, but that the questions can be filed and commissions issued only in the Probate Court, in which the petition was brought, and in which it is still pending, although it must be determined in this court whether the decree of that court shall be affirmed or reversed.  *Thayer* v. *Kitchen,* 200 Mass. 382, 385.  *Crocker* v. *Crocker,* 198 Mass. 401.  *Gale* v. *Nickerson,* 144 Mass. 415.  *Dunham* v. *Dunham,* 16 Gray, 577.

It is provided by statute that " the deposition of a person without this Commonwealth may be taken under a commission issued . . . by the court in which the cause is pending." R. L. c. 175, § 42.  But it is settled by the cases above cited that these causes are pending in the Probate Court, and that the only question which is pending in this court is as to the validity and propriety of the decree appealed from.  Accordingly the respondents contend that only the Probate Court can issue the commissions now asked for.

We are of opinion however that the respondents' contention

cannot be adopted without putting too narrow a construction upon the words of the statute. Depositions are taken in order that the evidence of witnesses whose attendance in court cannot be secured may yet be available for the furtherance of justice. Statutes passed for this purpose should be construed broadly and liberally to effectuate their end. *Commonwealth* v. *Trent*, 117 Ky. 34. *Taylor* v. *Goodwin*, 4 Q. B. D. 228. It would be incongruous to require that depositions which are to be used in one court should be taken by the process of another court in which they are not to be used and which has no control of the witnesses, or that it should be left for the court whose decree is appealed from to determine whether any and what evidence from absent witnesses should be procured for the purpose of showing mistake or error in its own action. A construction which would lead to such a result is to be avoided if that fairly can be done. The manifest intention of the Legislature, as gathered from its language considered in connection with the existing situation and the object aimed at, is to be carried out. This rule has been declared in many of our decisions. *Somerset* v. *Dighton*, 12 Mass. 383, 384, 385. *Whitney* v. *Whitney*, 14 Mass. 88, 92, 93. *Burlingame* v. *Bell*, 16 Mass. 318, 320. *Staniels* v. *Raymond*, 4 Cush. 314, 316. *Cleaveland* v. *Norton*, 6 Cush. 380, 384. While it is true as we have seen that these causes in the strict sense of the word are not pending in this court, yet the appeals are to be determined here, and in popular language it might be said that the causes themselves are pending here for that determination.

We are of opinion that the commissions asked for should be issued.

2. The right to interrogate the adverse party in the Probate Court was first expressly given by St. 1879, c. 186, now contained in R. L. c. 162, § 41, which provides that "in proceedings in probate courts, the petitioner or the respondent may, at any time after the filing of the petition, file interrogatories in the register's office for the discovery of facts and documents material to the support or defense of the proceeding. Such interrogatories shall be answered under oath by the adverse party in the same manner and subject to the same restrictions and regulations as are provided by chapter one hundred and

seventy-three relative to interrogatories in civil actions." When this statute was enacted, the parties to actions at law had the right to interrogate each other. St. 1851, c. 233, § 98. Pub. Sts. c. 167, § 49. R. L. c. 173, § 57. The Legislature intended to substitute for the tedious, expensive and complex process of a bill of discovery an easy, cheap and simple mode of obtaining evidence from an adverse party. *Wilson* v. *Webber*, 2 Gray, 558, 561. The privilege was given also to parties in equity suits by St. 1862, c. 40, § 1, Pub. Sts. c. 151, § 8, R. L. c. 159, § 15. We think it plain that the Legislature by the St. of 1879 (R. L. c. 162, § 41) intended to extend to probate courts the same power of requiring parties to answer interrogatories that was already possessed by other courts in the trial of issues of fact. It thus became a part of the general power of the courts to require answers to proper interrogatories filed by the adverse party. In this court probate appeals are treated for most purposes as cases in equity. R. L. c. 162, §§ 15, 28; Equity Rules 38, 39. Much of what has been said as to the taking of depositions is applicable also to interrogatories to parties. Even however if we should adopt the contention of the respondents that the language of R. L. c. 162, § 41, authorizes the filing of interrogatories to adverse parties "in the register's office" only, we are yet of opinion that under its general equity powers and the provisions of R. L. c. 159, § 15, this court may upon such appeals as are now before us allow interrogatories to be filed and require them to be answered, and that this power is not taken away or diminished by anything in R. L. c. 162, § 41.

This question was expressly left unanswered in *Gray* v. *Parke*, 155 Mass. 433.

3. The petitioners did not waive their rights by their stipulation with the respondents. Nor is there anything in the interlocutory order made upon that stipulation which deprives them of their rights. The motions made were then not passed upon, and the order that "no commissions are to be issued by this court and no answers to interrogatories are to be required in this court" was plainly intended to take effect only upon the stipulation of the parties being carried out. When the Probate Court refused to act upon the stipulation, the interlocutory order made thereon must be treated as having fallen with the stipulation upon

which it was based.    It would have been perhaps more regular if the interlocutory order had been in terms revoked, but that formality was not indispensable.

The order of the single justice must be affirmed; the motion of the petitioners must be allowed; and the motion of the respondents that they be not required to answer the interrogatories propounded to them by the petitioners, and their objection to the issuing of commissions for the taking of depositions, must be overruled.

*So ordered.*