UNITED LACE & BRAID MFG. CO. v. BARTHELS MFG. CO.

(District Court, E. D. New York. September 24, 1914.)

1. COURTS (§ 350*)—FEDERAL COURTS—DEPOSITIONS—SHOWING UNDER EQUITY RULES.

An application *held* supported by a showing sufficiently in compliance with Equity Rule 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv) to entitle complainant to take depositions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. § 350.*]

2. COURTS (§ 350*)—FEDERAL COURTS—DEPOSITIONS—EQUITY PROCEDURE.

That a cause is not on the trial calendar is not sufficient for refusing to permit a party to take depositions, where it has been kept off by stipulation to await the disposition of preliminary motions, and not through the default of either party.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. § 350.*]

In Equity. Suit by the United Lace & Braid Manufacturing Company against the Barthels Manufacturing Company. On motion by complainant to take depositions. Granted.

See, also, 213 Fed. 535.

Littlefield & Littlefield, of New York City (Eugene A. Kingman, of New York City, of counsel), for plaintiff.

Wingate & Cullen, of New York City (Arthur von Briesen, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. [1] The application denied by memorandum of June 23, 1914, has been renewed upon additional papers, which are intended to comply with Equity Rule 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv). While these papers do not set forth in detail entirely satisfactory reasons, showing inability to produce upon the trial the witnesses named, or others who would testify in the same way upon the same matters, nor just what evidence each witness will give with respect to the issues in the case, and while therefore the rule is not yet fully met, in the way that the usual application to examine a particular witness would be required to be presented, nevertheless it would appear that the motion should be granted to the extent of allowing the plaintiff to obtain the depositions, in the form of direct examination, and to give opportunity at the same hearing for cross-examination of any of the witnesses named, in Providence and Boston, whose actual presence at the trial shall not be of any benefit at the hearing of the case. In such a matter as the present, there would seem to be no necessity for requiring strict compliance with the rule, nor in preventing the preparation of depositions for submission upon the trial, when all questions and objections as to the materiality and relevancy of the testimony, and as to the competency of using a deposition instead of requiring the actual presence of the witnesses to give oral testimony, can be raised. All such rights will be preserved to the defendant, who may attend the taking of the depositions without prejudice thereto.

[2] The further objection that the case is not on the calendar is insufficient, in view of the fact that substantially, by stipulation, the court has withheld restoration of the case to the calendar until the preliminary motions are out of the way, and until one party or the other applies for such restoration within the 12-month period under which the case can be restored to the calendar for trial.

If the case had been stricken from the trial calendar, upon an actual default of the party now applying for relief, and if that default had occurred through any neglect other than inadvertence, then an order relieving the default and restoring the case to some definite status would be required. Neither party should raise such a question with respect to the present application, and the case should be restored (by one side or the other) to the calendar for prompt trial, but in the meantime the depositions desired may well be prepared.