BLOCK et al. v. ARROWSMITH MFG. CO.

(District Court, D. New Jersey. August 15, 1917.)

COURTS ☞350—FEDERAL COURTS—TAKING DEPOSITIONS—TIME.

Rev. St. § 863 (Comp. St. 1916, § 1472), declares that the testimony of witnesses may be taken in any civil cause pending in a District or Circuit Court by deposition, when the witness lives at a greater distance from the place of trial than 100 miles or is bound on a voyage to sea, etc. Section 862 (Comp. St. 1916, § 1470) declares that the mode of proof in causes of equity and admiralty shall be according to rules now or hereafter prescribed by the Supreme Court; while section 917 (Comp. St. 1916, § 1543) declares that the Supreme Court shall have power to prescribe from time to time, and in any manner not inconsistent with any law of the United States, the modes of framing and filing proceedings and pleadings, and of taking and obtaining evidence. Equity rule No. 47 (198 Fed. xxxi, 115 C. C. A. xxxi) declares that the court, upon application of either party, may permit the deposition of named witnesses to be used, and that the depositions of plaintiff, unless otherwise ordered, shall be taken within 60 days from the time the cause is at issue, and those of defendant within 30 days from the expiration of the time for the filing of plaintiff's depositions; while rule 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv) declares that after the time has elapsed for taking and filing depositions the case shall be placed on the trial calendar, and thereafter no further testimony by deposition shall be taken, except for some strong reasons shown by affidavits. *Held* that, after the time for taking and filing depositions under rule 47 had elapsed, and after the case had been placed on the trial calendar, plaintiff could not take depositions of witnesses living more than 100 miles from place of trial, on notice to defendant, without application to the court for an order to do so, based on some strong reason shown by affidavit, for the rules do not curtail the statutory rights, but merely prescribe the procedure.

In Equity. Suit by Alexander F. Block and another against the Arrowsmith Manufacturing Company. On motion to restrain plaintiffs from taking depositions without order of court after expiration of time for doing so under equity rules. Motion granted.

Russell M. Everett, of Newark, N. J., for plaintiffs.
Stephen J. Cox, of New York City, for defendant.

DAVIS, District Judge. The bill in the above-stated cause was filed April 12, 1916, and the answer was filed and the cause was at issue on July 20, 1916. The case appeared on the equity trial calendar of this court for the November term, 1916, and the January term, 1917. The equity list has not been called since. On January 24, 1917, solicitor for plaintiffs sent notice, as I understand it, by mail from St. Louis to the solicitor of defendant, whose office is in New York City, of the taking of depositions of 15 witnesses at St. Louis, Mo., on February 19, 1917. This notice was received January 27, 1917, and the number of witnesses was subsequently increased to 33. Motion was made to this court to enjoin the taking of said depositions and for other relief. An order enjoining the taking of said depositions until the motion could be heard and determined was made.

The notice was given, counsel for plaintiffs allege, under the authority of section 863, R. S. U. S., and the opinion in the case of Iowa

Washing Machine Co. v. Montgomery Ward & Co. (D. C.) 227 Fed. 1004, 1007. Section 863, inter alia, provides that:

"The testimony of any witness may be taken in any civil cause depending in a District or Circuit Court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States," etc.

It was sought in the case of Iowa Washing Machine Co. v. Montgomery Ward & Co., supra, to introduce certain depositions taken without order of court and "apparently within the time required by equity rule 47 [198 Fed. xxxi, 115 C. C. A. xxxi]." Judge Mayer said:

"I am of opinion equity rule 47 was not intended to vary or be a limitation upon section 863, because, of course, that section, being a legislative enactment, cannot be changed, except by further legislative enactment."

Counsel claim, in substance, that under the authority of this section and this case, without application to the court for an order to do so, testimony of such witnesses as are mentioned in the section may be taken at any time, regardless of equity rules 47 and 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv). Rules are necessary to orderly procedure in taking testimony by deposition or otherwise. Procedure without them would be indefinite, and courts in confusion. The Supreme Court has never attempted to take away the rights conferred upon litigants by that section of the statute. It has simply sought to prescribe conditions under which the rights which it gives may be exercised, and this power Congress has delegated to the Supreme Court. Section 862 of the Revised Statutes provides that:

"The mode of proof in causes of equity and of admiralty and maritime jurisdiction shall be according to rules now or hereafter prescribed by the Supreme Court, except as herein specially provided."

Section 917 of the Revised Statutes provides, inter alia, that:

"The Supreme Court shall have power to prescribe, from time to time, and in any manner not inconsistent with any law of the United States, * * * the modes of framing and filing proceedings and pleadings, of taking and obtaining evidence," etc.

In pursuance of this power conferred by Congress upon the Supreme Court, it promulgated our present equity rules on November 4, 1912. Rule 47 provides that:

"The court, upon application of either party, when allowed by statute, or for good and exceptional cause for departing from the general rule, to be shown by affidavit, may permit the deposition of named witnesses, to be used before the court or upon a reference to a master, to be taken before an examiner or other named officer, upon the notice and terms specified in the order. All depositions taken under a statute, or under any such order of the court, shall be taken and filed as follows, unless otherwise ordered by the court or judge for good cause shown: Those of the plaintiff within sixty days from the time the cause is at issue; those of the defendant within thirty days from the expiration of the time for the filing of the plaintiff's depositions; and rebutting depositions by either party within twenty days after the time for taking original depositions expires."

Rule 56 provides that:

"After the time has elapsed for taking and filing depositions under these rules, the case shall be placed on the trial calendar. Thereafter no further

testimony by deposition shall be taken except for some strong reason shown by affidavit. In every such application the reason why the testimony of the witness cannot be had orally on the trial, and why his deposition has not been before taken, shall be set forth, together with the testimony which it is expected the witness will give."

The question before me is whether or not plaintiff, long after the time had elapsed for taking and filing depositions under rule 47, and after the case had been placed on the trial calendar for two terms, may take depositions by notice to defendant, or its counsel, without "some strong reason shown by affidavit" therefor, and without application to court for an order to do so. Depositions under such circumstances may not be taken. Before depositions under such circumstances may be taken, the litigant must, upon application to court, show by affidavits some strong reason why the testimony of the witnesses cannot be had orally on the trial, and why their depositions have not been taken before. This the plaintiffs have not done, and so far as the court is informed there is no reason why the depositions were not taken within the time required by the equity rules.

The plaintiffs will therefore be restrained from taking the depositions of said witnesses, except in accordance with the provisions of equity rule 56.