## AUDIFFREN REFRIGERATING MACH. CO. v. GENERAL ELECTRIC CO.

(District Court, D. New Jersey.    October 20, 1917.)

1. DEPOSITIONS ⬯56(6)—NOTICE OF TAKING—POWER TO VACATE.
    Under Rev. St. § 863 (Comp. St. 1916, § 1472), authorizing the taking of testimony by deposition de bene esse in certain cases on reasonable notice to the opposite party or his attorney, the court has power to vacate notices of the taking of depositions in advance of the taking, if the procedure is irregular, instead of leaving the adverse party to his remedy by motion to suppress.

2. COURTS ⬯96(1)—PREVIOUS DECISIONS AS PRECEDENTS—CONSTRUCTION OF STATUTE.
    The holding of the Supreme Court that the same witness might be examined de bene esse more than once, under Act Sept. 24, 1789, c. 20, § 30, 1 Stat. 88, is applicable to the taking of depositions under Rev. St. § 863; the former statute, except in some unimportant details, being the same as the latter.

3. DEPOSITIONS ⬯84—EXAMINATION OF WITNESS MORE THAN ONCE.
    The testimony of the same witness may be taken by deposition de bene esse, under Rev. St. § 863, more than once, in equity as well as at law.

4. COURTS ⬯332—FEDERAL COURTS—RULES—VALIDITY.
    Equity rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi), requiring all depositions taken under a statute, unless otherwise ordered by the court or judge for good cause shown, to be taken and filed by plaintiff within 60 days from the time the cause is at issue, and by defendant within 30 days from the expiration of the time for the filing of plaintiff's depositions, does not vary Rev. St. § 863, authorizing the taking of depositions de bene esse in any civil cause depending in a District or Circuit Court, but is a mere regulation of the method of procedure, with which power Congress undoubtedly vested the Supreme Court.

5. COURTS ⬯332—FEDERAL COURTS—RULES—FORCE.
    It is not within the province of an inferior court to question the validity of a rule of the Supreme Court; its function being only to construe the rule.

6. **COURTS** ☞332—FEDERAL COURTS—RULES—CONSTRUCTION.
   Such' a construction of the rules of the Supreme Court as will apparently make them valid should be adopted.

7. **COURTS** ☞350—FEDERAL COURTS—PRACTICE—DEPOSITIONS.
   Under Rev. St. § 863, and equity rule 47, depositions de bene esse cannot be taken by plaintiff in a suit in equity without the court's permission more than 60 days after the joinder of issue.

Two actions, one at law and the other in equity, by the Audiffren Refrigerating Machine Company against the General Electric Company. On motion by defendant to vacate notices of the taking of depositions de bene esse under section 863 of the Revised Statutes. Motion in the action at law denied, and motion in the equity suit granted.

Frederic J. Faulks, of Newark, N, J., for the motion.
Harold H. Bowman, of New York City, opposed.

HAIGHT, District Judge. The plaintiff has instituted two actions against the defendant, one at law and the other in equity. Both are at issue. Its attorneys have given notices to the defendant that they propose, at a time and place in the notices set forth, to take, for use in each action, the testimony of certain witnesses by deposition de bene esse, under section 863 of the Revised Statutes (U. S. Comp. Stat. 1916, § 1472). The defendant moves to vacate the notices.

[1] 1. It is urged, primarily, in opposition to the motions, that the court is without power to vacate the notices in advance of the taking of the testimony; the only remedy of the defendant being, if the depositions are not taken in conformity with the law, to move to strike out or suppress them at final hearing, or after they have been taken. To support this contention the defendant relies upon the decision of Judge Ward in the Circuit Court for the Southern District of New York in Kline Bros. & Co. v. Liverpool, London & Globe Insurance Co. (C. C.) 184 Fed. 969. Counsel has failed to direct my attention to, and I have been unable to find, any other reported case in which the question has been directly passed upon. It is true that Judge Lacombe, speaking for the same court, in Henning v. Boyle, 112 Fed. 397, said:

"No order or other direction of the court is required antecedent to such examination. The right to take it upon notice merely, in the manner prescribed, is given absolutely to the party by act of Congress. If question is to be raised as to the reasonableness of the notice, or as to the regularity of the proceedings, it *may* be raised by motion to suppress."

The point in question was not, however, in any way before him for decision. He was merely making some observations on the effect of the statute. It will be noticed that he did not say that the questions regarding the regularity of the proceedings *"must"* be raised by motion to suppress, but merely that they *"may"* be so raised. He dealt more particularly with the point that no permission or other authorization of the court was necessary as a condition precedent to the examination. But that is quite different from holding that the court may not, when called upon in advance of the examination, decide whether the procedure which the party has followed is proper. While Judge Ward

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

did deal with the point in question, I do not understand that he flatly decided that there was *no power* to determine, in advance of the taking of the depositions, whether or not the method by or manner in which they were proposed to be taken would conform to the statute, and in other respects comply with the law. In a very brief opinion he expressed merely a "doubt" as to the power of the court in that respect. While it is true that he declined to vacate the notice of the taking of the depositions, still it would seem that his action in doing so was but the exercise of discretion, because he considered that the plaintiff (who moved to vacate) would be amply protected by a motion to suppress the depositions after they had been taken; the party giving the notice taking the risk that they might be suppressed.

If the practice adopted by Judge Ward were to be followed in all cases, it is apparent that the party to whom the notice is given would be compelled to take a chance that the deposition might not be eventually suppressed. He would be placed, without any fault of his, in the unenviable position of deciding whether he should incur the expense of being represented at the examination, which, if the deposition were later suppressed, would be useless and unnecessary, or whether he should not do so, which, in the event of the regularity of the depositions being sustained, might prove very disastrous to him. It is conceivable, also, that such a practice might readily be used for the purpose of oppression and harassment. While I hesitate to express a different opinion than Judge Ward, I am unable to concur in his reasoning that to hold that the court may, in advance of the taking of the depositions, decide whether the proceedings by which it is proposed to take them are regular or not, "would greatly impair the efficiency of the statute." It seems to me that the power of the courts to so intervene would have just the opposite result. It would be surely preferable, and more likely to avoid hardship on both parties, if the court, when objection to the regularity of the proceedings is made, were to determine in advance whether any depositions so proposed to be taken could be used upon final hearing or trial, because, in that way, the party giving the notice would avoid the expense incident to the taking of the depositions, if they could not later be used, and escape the possibility that he would be deprived of the testimony on final hearing or trial, and the party to whom the notice is given would, on the one hand, be saved the expense of having counsel attend the examination, in case he did not dare to take the chance that the court would later suppress them, and, on the other hand, would avoid the necessity of his taking any such risk.

Nor do I think that it can be assumed that the courts would permit, by recourse to them, the emergency purposes of the statute to be impaired, as Judge Ward seems to have feared. If the courts have power to suppress depositions which have not been taken in conformity with the law, as it has never been questioned that they have, I fail to see why they have not power, in advance of taking them, to determine whether the procedure or method by which it is proposed to take them complies with the law. The power exercised in each case is identically the same; the difference is only as to the time when the power is exer-

cised. I cannot conceive that Congress intended to impose on litigants the hardship which, as I have endeavored to above point out, would follow a construction of the statute denying the power of the courts to determine in advance the question as to the regularity or legality of the proceedings by which the depositions are proposed to be taken. Although the question now under consideration was not directly raised, it is important to note that Judge Davis recently in this court restrained, in advance, the taking of depositions under section 863, in an equity suit, because it was proposed to take them without the permission of the court, after the expiration of the time limited in equity rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi). Block v. Arrowsmith Mfg. Co. (D. C.) 243 Fed. 775. I am constrained to hold, therefore, that this court has the power, when appealed to, to vacate the notices in question in advance of the taking of the proposed depositions, if the procedure is irregular.

[2, 3] 2. The defendant contends that, as certain of the witnesses, whose testimony it is now proposed to take, have been previously examined in these cases de bene esse under the statute in question, they cannot be again examined without permission of the court. The rule which he invokes, and which was stated and applied in Phettiplace v. Sayles, Fed. Cas. No. 11,083, 4 Mason, 312 (C. C. R. I.), and Thurber v. Cecil Nat. Bank, 52 Fed. 513 (C. C. Md.), is, however, applicable only to the general equity practice which prevailed when all tesimony was taken by deposition out of court before a master, examiner, or on commission. It has no reference to depositions taken de bene esse, pursuant to a statute. Both of those cases were in equity and dealt with depositions taken on commission pursuant to the general practice then prevailing. While the decision in In re Thomas, 35 Fed. 822 (D. C. S. C.), was rendered in a bankruptcy proceeding, the leave there given to re-examine, by deposition, certain witnesses whose depositions were suppressed, was granted after the matter had come on for final hearing, at which time the court suppressed the depositions because they had not been taken in conformity with the statute. As the case had been closed and submitted, there was no right in either party, by virtue of statute or otherwise, to take any further depositions or testimony except by permission of the court. The beforementioned permission was granted because, as the deposition had been suppressed on technical grounds, it did not seem to the court that justice would be done if the case were decided without the testimony of those particular witnesses.

The power which the court exercised in that case was no different, therefore, from that which a court might exercise in any case, when it deemed it in the interests of justice to do so. In actions at law, it seems to have been definitely settled by the Supreme Court that the same witness may be examined de bene esse, under section 863, more than once, without the previous sanction of the court. Cornett v. Williams, 20 Wall. 226, 244, 22 L. Ed. 254. While the court in that case was dealing with the thirtieth section of the act of 1789 (1 Stat. 88), the decision is quite as applicable to section 863 of the Revised Statutes, because the former statute, except in some unimportant details, is the same as the latter. As section 863 applies to equity cases, as

well as actions at law (Stegner v. Blake [C. C.] 36 Fed. 183), I can conceive of no reason why a different rule should prevail in the two classes of cases, in respect to the right to take the deposition of the same witness more than once. It follows, therefore, that there is no merit in defendant's contention that the plaintiff may not again take the depositions, under section 863, of those witnesses who have previously been examined. I do not mean by this to be understood as holding that the court may not restrain the taking of the depositions of witnesses who have been previously examined, when the purpose of examining them again is to harass or oppress.

[4-7] 3. It is further urged by the defendant that, so far as the equity suit is concerned, no depositions can be taken without permission of the court, because more than 60 days elapsed between the joinder of issue and the giving of the notice. This contention is based upon rules 47 and 56 of the general equity rules of 1912. Defendant's contention is directly supported by the decision of this court in Block v. Arrowsmith, supra, and by that of Judge Mayer in the Southern district of New York, in Victor Talking Machine Co. v. Sonora Phonograph Corp. (D. C.) 221 Fed. 676, 678. It is urged, however, on behalf of the plaintiff, that the decision of Judge Mayer in Iowa Washing Machine Co. v. Montgomery Ward & Co. (D. C.) 227 Fed. 1004, 1007 (concurred in on that point by the other judges of that district), is, in effect, a reversal of the former decision and correctly construes the equity rules in question. With this contention I am unable to agree. Not only does Judge Mayer's later decision make no reference to the former, but it simply holds that to take depositions under section 863 within the time provided by equity rule 47, it is not necessary that previous authorization be obtained from the court; in other words, that equity rule 47 was not intended to vary section 863, by imposing as a prerequisite to the taking of testimony under that section, the previous order or authorization of the court.

The decision in the Victor Talking Machine Co. Case was, on the other hand, to the effect that, if the depositions were not taken within the time limited by rule 47, they would be suppressed, unless previous permission from the court to take them had been obtained. There is manifestly a broad distinction between the two cases, and, by reason thereof, the two decisions are entirely consistent and harmonious. To have provided by rule that no deposition in equity cases could be taken under section 863, without the previous order of the court could undoubtedly have been to vary the statute. That, of course, could only be done by legislative enactment. But to simply provide by rule for the purpose of expediting the disposition of cases, that depositions could not be taken under that statute after a certain time, without permission from the court, does not vary the statute in the sense before mentioned; it is a mere regulation of the method of procedure, with which power Congress undoubtedly invested the Supreme Court. The language of rule 47 is that "all depositions taken under a statute * * * shall be taken and filed as follows, unless otherwise ordered by the court or judge for good cause shown." The rule makes no distinction as to statutes. Hence, irrespective of

Judge Davis' decision in Block v. Arrowsmith, supra, by which I would, of course, feel bound, in view of the comprehensive language used in the rule, and the fact that it was undoubtedly within the power of the Supreme Court to place such a limitation upon the time within which depositions could be taken, I have no difficulty in reaching the same conclusion as Judge Davis and Judge Mayer did (the latter in the Victor Talking Machine Co. Case) regarding the proper construction to be given to rule 47. It, of course, does not lie within the province of an inferior court to question the validity of a rule of the Supreme Court. Its function is only to construe it, but of course it would always adopt a construction which would apparently make the rule valid.

There is no limitation in section 863 as to the time when the deposition must be taken, except that the cause must be "depending" at that time. Yet it was held, without dissent so far as I know, that former equity rule 68 (now rule 54 [198 Fed. xxxiii, 115 C. C. A. xxxiii]), which provided that testimony might be taken by deposition "according to the act of Congress," after a cause is at issue, prevented the taking of such testimony before a case was at issue. Stevens v. Railroad Co. (C. C.) 104 Fed. 934 (C. C. E. D. Mo.); Flower v. MacGinniss, 112 Fed. 377, 50 C. C. A. 291 (C. C. A. 2d Cir.). I can see no difference whatever in principle between these two rules on the point in question. One provided that depositions could not be taken before a cause was at issue, although it might be "depending"; and the other provides that a deposition shall not be taken after a cause has been at issue a certain number of days, without the court's permission. Both rules were the exercise of the same power and have the same effect on section 863. I think, therefore, that in the equity cause depositions taken under section 863 more than 60 days after the joinder of issue, without previous authorization from the court, could not be used upon final hearing. The notice on which it is proposed to take them should therefore be vacated.

It follows that the motion in the action at law must be denied, and the one in the equity action granted.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes