LEVINSTEIN v. E. I. DU PONT DE NEMOURS & CO., Inc.*

(District Court, D. Massachusetts. June 9, 1919.)

No. 1102.

1. DEPOSITIONS ⟨key⟩7—FEDERAL COURTS—RIGHT TO COMMISSION BEFORE ISSUE JOINED.

Rev. St. § 863 (Comp. St. § 1472), does not authorize the granting of a commission to take depositions de bene esse before issue has been joined.

2. DEPOSITIONS ⟨key⟩7 — DEDIMUS POTESTATEM — EXAMINATION OF ADVERSE PARTY.

A dedimus potestatem to take depositions under Rev. St. § 866 (Comp. St. § 1477), which authorizes such commission "where it is necessary in order to prevent a failure or delay of justice," should not be granted ex parte for the purpose of a preliminary examination of the adverse party before trial or issue joined.

At Law. Action by Edgar Levinstein against E. I. Du Pont de Nemours & Co., Incorporated. On motion to vacate order for taking depositions. Order suspended pending hearing.

See, also, 258 Fed. 662.

Robert M. Morse and Frank H. Stewart, both of Boston, Mass., for plaintiff.

Eldridge R. Anderson, of Boston, Mass., for defendant.

MORTON, District Judge. The questions now before the court arise on the defendant's "motion to vacate order for taking depositions," filed in this court on May 20th. The facts on which the motion is grounded are, except as hereinafter noticed, not in dispute, and are as follows: By a writ of this court dated May 7, 1919, Levinstein brought an action against E. I. Du Pont de Nemours & Co., Incorporated. The writ was served on the day of its date on the Massachusetts commissioner of corporations as attorney for the defendant, and on the same day it was entered in this court and an order taken for the defendant to plead within one calendar month thereafter. The plaintiff's declaration was filed with the writ. There were also filed by the plaintiff at the same time two motions for commissions to take depo-

---

sitions of certain witnesses at Wilmington and at New York. These motions were, on May 7th, presented to me by counsel for the plaintiff, who stated to me at the time that some, at least, of the witnesses whose testimony it was desired to take were connected with the defendant, and, in answer to a question, further stated that their testimony was desired in good faith in order to establish certain substantial facts in favor of the plaintiff. The motions were thereupon allowed ex parte and the commissions issued.

On the 12th of May the United States District Court in Delaware, on the application of the plaintiff, issued a subpœna duces tecum, directing the witnesses to appear and testify at a time and place to be appointed by a designated notary public, and to produce the books and papers specified in the subpœna. The notary directed the attendance of the witnesses at a certain place and hour in Wilmington, Del., on May 20th. Notice was duly served on the defendant's attorney, and at the time and place appointed, the witnesses, together with counsel for the defendant, appeared. When the first witness was called, he declined to be sworn or testify, upon the ground that he was not obliged to do so. Contempt proceedings were thereupon instituted against the witness in the United States District Court in Delaware. After a full hearing it was held in a careful and elaborate opinion by Judge Morris that the commission was prima facie valid under Rev. St. § 866 (U. S. Comp. St. § 1477), and was not open to collateral attack, and that the witness was in contempt for refusing to testify, and a fine of $500 was imposed upon him. 258 Fed. 662. This decision was made on May 22d. On May 20th the motion now under consideration had been filed by the defendant.

[1, 2] It seems clear that the commission cannot be supported under Rev. St. § 863 (Comp. St. § 1472), because issue had not been joined at the time when it was taken out. William Carraway & Son v. Kentucky Refining Co., 163 Fed. 191, 192, 90 C. C. A. 59; Flower v. McGinniss, 112 Fed. 377, 50 C. C. A. 291; Stevens v. M., K. & T. Railway Co. (C. C.) 104 Fed. 934. The question, therefore, is whether it ought to be permitted to stand under Rev. St. § 866, as a commission for the perpetuation of testimony. That section begins:

"In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage."

The authority to issue commissions to take testimony under this section rests on a finding that "it is necessary in order to prevent a failure or delay of justice." No evidence upon that point was submitted to me and I have never passed upon it. As was held in Turner v. Shackman (C. C.) 27 Fed. 183, this section should not be invoked merely for the purpose of a preliminary examination before trial of the adverse party. The character of the subpœna duces tecum taken out by the plaintiff in Delaware shows that the examination is designed to do much more than merely to supply proof of a few formal facts, and is apparently intended to be a thorough cross-examination of the defendant's principal witnesses in connection with its books and papers. Whether this ought or ought not to be permitted, I express no

opinion, but I am clear that it ought not to be permitted upon an ex parte application and without giving the defendant full opportunity to be heard upon that question. Moore v. Stoddard, 206 Mass. 395, 92 N. E. 502.

The case may stand for hearing on the question whether it is necessary to take the testimony of said witnesses at this time, in order to prevent a failure or delay of justice. The facts may be proved by ex parte affidavits filed by each side; the plaintiff to file his on or before June 14th, the defendant its counter affidavits on or before June 21st, and affidavits in rebuttal on or before June 25th. On the record so made the case may be marked for hearing.

It is unnecessary at present to recall or quash the commission, but no further proceedings are to be taken under it until further order of this court.