## MEYERS et al. v. OCCIDENTAL OIL CORPORATION et al.

(District Court, D. Delaware. October 7, 1922.)

No. 448.

Courts ⬤350—Application for deposition denied, where expected testimony alleged generally and vaguely.

Where the time for taking depositions, under equity rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi), had expired, and the application set forth only generally, and in some instances vaguely, the matters to which the testimony was expected to relate, equity rule 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv), requiring the application to allege the testimony which witness was expected to give, was not complied with, and the application must be denied.

In Equity. Suit by Robert L. Meyers, Jr., and another, against the Occidental Oil Corporation and others, in which defendants made application to take depositions of named witnesses. Application denied.

Charles F. Curley, of Wilmington, Del., for plaintiffs.
Andrew C. Gray, of Wilmington, Del., for defendant Occidental Oil Corporation.

MORRIS, District Judge. This is an application, made at the September term of this court by the defendant, that it be permitted to take the depositions of certain named witnesses resident in Texas. The application is opposed by the plaintiff. The time for taking depositions under equity rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi) expired May 15, 1922. The case was placed on the trial calendar at the June term. Depositions may not now be taken "except in accordance with the provisions of equity rule 56." Block v. Arrowsmith Mfg. Co. (D. C.) 243 Fed. 775; Audiffren Refrigerating M. Co. v. General Electric Co. (D. C.) 245 Fed. 783. The application is supported by an affidavit. The reason therein set forth why the testimony of the named witnesses "cannot be had orally on the trial" is that they are resident in the state of Texas. Illness of counsel prior to April 1st and an accumulation of business during his absence are given as the underlying reasons why the depositions have not been before taken.

The sufficiency of the foregoing reasons need not be considered for equity rule 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv) further requires that the application shall also set forth "the testimony which it is expected the witness will give," and the present application does not so state the testimony, but sets forth only generally, and in some instances vaguely, the matters to which the testimony is expected to relate. I think this is not a compliance with the rule, and hence, under the reasoning and authority of the cases hereinbefore cited, must, notwithstanding United Lace & Braid Mfg. Co. v. Barthels Mfg. Co. (D. C.) 217 Fed. 175, deny the application.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes