## OKLAHOMA GAS & ELECTRIC CO. v. BATES EXPANDED STEEL TRUSS CO.

(District Court, D. Delaware. February 21, 1924.)

No. 3.

1. **Depositions ⚙⇒56(7)—Motion to vacate notice proper means of testing regularity of taking.**

A motion to vacate a notice to take depositions given under Rev. St. §§ 863–865 (Comp. St. §§ 1472–1474), is a proper means of testing the regularity of the taking.

2. **Depositions ⚙⇒64(2)—Statute held not to confer power to take anything but "evidence"; "testimony."**

Rev. St. §§ 863–865 (Comp. St. §§ 1472–1474), do not confer on a party power to make an examination, infinite and boundless in its scope, of so-called witnesses, but authorize only the taking of "testimony," or such statements of witnesses as are within the realm of "evidence."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Evidence; Testimony.]

3. **Pleading ⚙⇒387—Evidence offered must correspond with allegations; "relevant."**

Evidence offered must correspond to the allegations and be confined to the point in issue, and a statement of a witness is not "relevant" unless it touches on an issue which the parties have made on their pleadings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Relevant.]

**4. Depositions ☜7—No deposition properly taken before issue joined.**
> Depositions de bene esse may not be taken, under Rev. St. §§ 863–865 (Comp. St. §§ 1472–1474), in any case until issues of fact have been raised by the pleadings, and cannot be taken where defendant has demurred to the declaration, and the demurrer remains undisposed of and unargued.

At Law. Action by the Oklahoma Gas & Electric Company against Bates Expanded Steel Truss Company. On motion to vacate notice to take depositions. Motion granted.

Andrew C. Gray (of Ward, Gray & Neary), of Wilmington, Del., for plaintiff.

William S. Hilles, of Wilmington, Del., for defendant.

MORRIS, District Judge. Oklahoma Gas & Electric Company instituted this suit at law against Bates Expanded Steel Truss Company. The defendant demurred to each count of the declaration. The demurrer remains undisposed of and unargued. The plaintiff, relying upon R. S. §§ 863, 864, and 865 (Comp. St. §§ 1472–1474), has given notice to the defendant that it will take the depositions de bene esse of certain named persons at a specified time and place. The defendant moves that the notice be vacated upon the ground that the pleadings tender no issue of fact to which any testimony might or could be relevant.

[1, 2] A motion to vacate a notice to take depositions is a proper means of testing the regularity of the taking. Audiffren Refrigerating M. Co. v. General Electric Co. (D. C.) 245 Fed. 783. In support of its contention that depositions de bene esse may not be taken in any case until issues of fact have been raised by the pleadings, the defendant relies upon Wm. Caraway & Sons v. Kentucky Refining Co., 163 Fed. 189, 90 C. C. A. 59; Flower v. MacGinniss, 112 Fed. 377, 50 C. C. A. 291; Stevens v. Missouri, K. & T. Ry. Co. (C. C.) 104 Fed. 934; Levinstein v. E. I. Du Pont de Nemours & Co. (D. C.) 258 Fed. 667. The plaintiff on the other hand, relies upon the broad language of the statute, namely, that "the testimony of any witness may be taken in any civil cause depending in a district or circuit court by deposition de bene esse, * *. * before the time of trial or when he is ancient and infirm," and upon Lowrey v. Kusworm (C. C.) 66 Fed. 539.

The statutes here relied upon to support the notice do not confer upon a party power to make an examination, infinite and boundless in its scope, of so-called witnesses. They authorize the taking of testimony only. Testimony is evidence. The two terms are frequently used synonymously. When the former is given a more accurate meaning it is less comprehensive. It then signifies only that particular kind of evidence which is produced by means of the oral statements of witnesses. Obviously the statutes in question authorize the taking of only such statements of witnesses as are within the realm of evidence. According to Blackstone (3 Commentaries, 367):

> "Evidence signifies that which demonstrates, makes clear, or ascertains the truth of the very fact or point in issue, either on the one side or the other."

---

Bouvier says:

"Evidence is that which demonstrates, makes clear, or ascertains the truth of the very fact or point in issue; or it is that which is legally submitted to a court and jury, or to either of them, to enable them to decide upon the questions in dispute or issue, as pointed out by the pleadings, and distinguished from all comments or arguments."

Dr. Wharton's definition reads:

"Evidence includes the reproduction, before the determining tribunal, of the admissions of the parties and of facts relevant to the issue." Wharton on Evidence, § 3.

[3, 4] Turning from definitions of the term to the rules pertaining to the admission of evidence, we find that a most fundamental rule is that evidence offered must correspond with the allegations and be confined to the point in issue. Greenleaf on Evidence, § 51. A statement of a witness is not "relevant" unless it "touches upon the issue which the parties have made by their pleadings." Platner v. Platner, 78 N. Y. 90, 95. In the light of these definitions, rules, and principles, it is impossible to conceive of evidence in the absence of allegations or issues of fact. In its very nature evidence is a relative term. In this suit there are now no issues of fact. If the right of examination exists here it is because the statute says the testimony of any witness may be taken *in any civil cause depending.* As a cause is depending from the time of the issuance of the original writ the right of examination would exist before as well as after declaration filed. An examination before declaration filed would be wholly without metes or bounds. Indeed, it would be infinite. I think neither the language of R. S. § 863, nor the possible exigencies of a case, particularly in view of R. S. § 866 (Comp. St. § 1475), providing for depositions where it is necessary in order to prevent a failure or delay of justice, require that the statute in question be given a construction authorizing the taking of depositions before a case is at issue upon the facts.

The motion to vacate the notice must be granted.